529 So.2d 1110 (1988)
Cary Michael LAMBRIX, Petitioner,
v.
Richard L. DUGGER, Secretary, Department of Corrections, Respondent.
No. 71287.
Supreme Court of Florida.
August 18, 1988.
Cary Michael Lambrix, Starke, pro. per.
Larry Helm Spalding, Capital Collateral Representative and Billy H. Nolas, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Peggy A. Quince and Kim W. Munch, Asst. Attys. Gen., Tampa, for respondent.
PER CURIAM.
Cary Michael Lambrix, a state prisoner under a sentence of death, petitions this court for a writ of habeas corpus. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const.
Lambrix was convicted in the 1983 dual murder of two dinner guests. His conviction and sentence of death were affirmed by this Court in Lambrix v. State, 494 So.2d 1143 (Fla. 1986). The thrust of his petition[1] is that his appellate counsel was *1111 ineffective in failing to argue numerous issues. We find most of these arguments are frivolous or were previously decided adversely to petitioner, but there are two which merit discussion.
First, there is a cluster of issues arising out of the jury selection process. Petitioner says appellate counsel should have argued: that it was error for the trial court to deny a motion for individual and sequestered voir dire concerning the effect of pretrial publicity; that it was error for the defendant not to be present during a part of voir dire; and that it was error for the court to have approved certain stipulations in his absence while the jury was being selected. The first argument is without merit, as the decision to have an individual and sequestered voir dire is within the sound discretion of the trial court, and the record reveals no abuse of that discretion. Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985).
The second and third arguments derive from an unusual situation. The state had finished its preliminary questioning of sixteen potential jurors when the court called a recess. During the break Gary Clemons, one of the jurors who had not yet been questioned,[2] approached petitioner's lawyer about a potential problem; counsel sent him to see the prosecutor, who informed the judge. Clemons was questioned by the court and counsel for both sides. He said he had been petitioner's cellmate in the county jail for two or three weeks and had discussed the case with him. Clemons also said he had told his wife, who was also in the venire, of the conversation and had given her his opinion of the case. Mr. and Mrs. Clemons were excused without objection. Also during this break some stipulations as to identity were entered into between the defense and the state.
Petitioner says that he was not in chambers when the two potential jurors were excused, and thus argues that he was involuntarily absent during a critical stage of his trial. He also argues that since he had been named co-counsel, his absence was an even greater error, and appellate counsel was ineffective in failing to argue this point on direct appeal. The state argues that there was no objection by defense counsel, and thus any appellate argument on this issue was waived and was not subject to appeal. In rebuttal petitioner argues that since voir dire is a critical stage no objection was necessary to preserve the points for appeal.
We have reviewed the record and we conclude that petitioner is not entitled to habeas corpus relief on this issue. First, while the jury selection process had begun, Clemons and his wife were not yet part of it. Neither had been seated in the jury box for questioning by either side or the court, neither one was subject at that time to a peremptory challenge, and neither one might ever have been called to the jury box. Thus, their being excused was not a part of voir dire. The excusing of the Clemonses was an ancillary proceeding that touched on voir dire, but was not voir dire. The situation is similar to that in Hall v. State, 420 So.2d 872 (Fla. 1982), where we held that there was no error when a defendant was involuntarily absent from the roll call of prospective jurors and their general qualification. The Clemonses were in this category of generally qualified potential jurors.
Petitioner argues that his case is indistinguishable from Francis v. State, 413 So.2d 1175 (Fla. 1982), cert. denied, 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 908 (1986). We disagree. In Francis the defendant was involuntarily absent when peremptory challenges were made, was not advised by his lawyer regarding the challenges, and thus the defendant's absence from the courtroom was reversible error. We held that his absence could not be waived by counsel alone. We see no reason to extend that protection beyond the situation in which it arose. That part of the jury selection process requiring the defendant's presence is *1112 limited to the questioning, challenging, impaneling and swearing of jurors. Fla.R. Crim.P. 3.180(a)(4).
Second, we perceive no prejudice to petitioner, who apparently knew what was going on. Clemons approached the defense table first, before being sent to see one of the prosecutors. Defense counsel said his client "would have no objections if they want to be excused. Mr. Lambrix has indicated  as the defendant indicates, he has no objections to the two being excused. Go along with his wishes, if the court wishes to excuse them for cause." A defendant has no right to any particular juror or jurors, only a fair and impartial jury. Piccott v. State, 116 So.2d 626 (Fla. 1959), cert. denied, 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83 (1960). Petitioner struggles in vain to demonstrate how not having the Clemonses on the jury was damaging to him.
As for petitioner's absence during the stipulations, there is no indication that he did not accede to them, no indication that he could have prevented the admission of the evidence involved,[3] and no indication that he was actually absent. After the Clemonses were excused, the proceedings went as follows:
MR. McGRUTHER [the prosecutor]:
Want to do the stipulations?
MR. JACOBS [defense counsel]: Judge, we have agreed with Mr. McGruther ...
THE COURT: Get the defendant back in here. I just want to make sure he is here. I don't want to do anything without him.
Thereafter, the stipulations were discussed and approved. Even if petitioner was absent, the lack of objection precluded appellate review. McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983).
The other issue worthy of discussion involves the trial judge's refusal to instruct the jury as to voluntary intoxication. Petitioner argues that there was evidence that he was intoxicated and, that being the case, it was error for the judge not to give the requested instruction and ineffective assistance of appellate counsel not to argue the issue on appeal.
We see no error, largely because the evidence was not persuasive that petitioner was, in fact, intoxicated. The evidence at trial was that petitioner "acted high" on the night of the murders, but said "[i]t's hard to tell about Cary with anything... . I don't know if he was high or not." This witness also said one person in the group was intoxicated, but it was not petitioner. At best there was evidence that petitioner drank and that his behavior was unusual, as apparently it frequently was, with and without the aid of intoxicants. This evidence was not sufficient to show intoxication. Because we cannot say that the trial judge erred in refusing to instruct the jury as to voluntary intoxication, appellate counsel cannot be faulted for failing to raise the issue.
Petitioner's other arguments either have no merit or have been raised before. There being no basis for relief, we deny the petition for a writ of habeas corpus.
IT IS SO ORDERED.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Petitioner initially filed a pro se petition. After we ordered the state to respond to the motion, petitioner's cause was taken up by the office of Capital Collateral Representative. We have considered the pleadings both of petitioner and of CCR.
[2] The court had conducted voir dire as follows: The venire was seated in the spectator's gallery, and twelve names were called to sit in the jury box. Questioning was confined to those twelve. Four had been excused for cause without objection.
[3] The stipulations related to paying the costs to transport petitioner's two brothers to Glades County for the trial and to the identification of the victims.