559 So.2d 1137 (1990)
Cary Michael LAMBRIX, Appellant,
v.
STATE of Florida, Appellee.
No. 74452.
Supreme Court of Florida.
April 26, 1990.
Carl Michael Lambrix, Starke, in pro. per.
Robert A. Butterworth, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Cary Michael Lambrix, a prisoner under sentence of death, appeals the trial court's denial of his petition for a writ of habeas corpus. We have jurisdiction, pursuant to *1138 article V, section 3(b)(1), of the Florida Constitution, and we deny all relief.
The facts of this cause are fully discussed in Lambrix's prior appeals and collateral challenges. Lambrix v. State, 534 So.2d 1151 (Fla. 1988); Lambrix v. Dugger, 529 So.2d 1110 (Fla. 1988); Lambrix v. State, 494 So.2d 1143 (Fla. 1986). This appeal of the trial court's denial of habeas relief concerns only one issue, Lambrix's allegation that his collateral counsel was ineffective for failing to raise a claim of juror misconduct in his prior motion for postconviction relief. After proceedings on that prior motion, which was filed pursuant to Florida Rule of Criminal Procedure 3.850, the trial court denied all relief, as did this Court in Lambrix v. State, 534 So.2d 1151 (Fla. 1988). Lambrix now argues that his collateral counsel should have included in that motion the allegation that one of the jurors in his second trial failed to disclose that she had been on the venire prior to Lambrix's first trial.
The record reflects that the juror in question was on the venire panel prior to Lambrix's first trial, but she was dismissed prior to that jury's being sworn. The first trial ended with a mistrial, due to a "hung jury," and preparations for a second trial began. The juror in question was again part of the venire panel. When the state asked the juror whether she had any prior jury experience, she replied, "No." She also indicated that there was nothing else which might affect her service as a juror in the case. She then served as a juror during the second trial.
Lambrix asserts that collateral counsel should have raised the juror's answer as a claim of juror misconduct in Lambrix's rule 3.850 motion. However, the juror's answer was not untruthful. She could have reasonably interpreted the question as an inquiry as to whether she had ever served on a jury, which she had not. Even if she had answered in the affirmative, a challenge for cause would not necessarily have resulted, since she still could have been able to follow the law and render a just and fair verdict. See Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). In fact, there is no allegation that the juror was unable to follow the law and render a just and fair verdict or that the juror was prejudiced by her presence at the prior proceeding. Moreover, this claim of juror misconduct is based on information which was contained in the original record of the case and, consequently, must be raised on direct appeal. The claim is procedurally barred in a rule 3.850 proceeding except as a basis for a claim of ineffectiveness of trial counsel. See e.g., Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987).
We note that the Capital Collateral Representative, in proceedings before a federal magistrate on his motion to withdraw as attorney of record for Lambrix, addressed the claim of juror misconduct, indicating that collateral counsel had investigated the claim. The following exchange took place at those proceedings:
THE COURT: Do you have any response to that which has been stated by Mr. Lambrix? Specifically the issue of the juror misconduct, if there is an issue. If there is an issue has it been raised by CCR in any proceedings?
MR. SPALDING: We do not believe there is an issue, your Honor. The issue has been investigated.
We find that the juror misconduct claim is without merit and that counsel's failure to brief such an issue does not constitute ineffectiveness under the test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Suarez v. Dugger, 527 So.2d 190 (Fla. 1988); Card v. State, 497 So.2d 1169 (Fla. 1986), cert. denied, 481 U.S. 1059, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987).[*]
For the foregoing reasons, we affirm the order of the trial court denying the writ of habeas corpus.
It is so ordered.
*1139 EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] It is unnecessary in this cause to address the right to effective assistance of counsel in collateral relief proceedings.