[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 13-11917

---

D.C. Docket No. 2:13-cv-00226-JES-SPC

CARY MICHAEL LAMBRIX,
a.k.a. Michael Lambrix,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

---

Appeal from the United States District Court for
the Middle District of Florida

---

(June 26, 2014)

Before CARNES, Chief Judge, TJOFLAT and HULL, Circuit Judges.

HULL, Circuit Judge:

Petitioner Cary Lambrix, a Florida prisoner sentenced to death, appeals the district court's denial of his pro se "Motion for Appointment of Substitute Collateral Counsel," under 18 U.S.C. § 3599, to aid him in preparing and filing a second or successive 28 U.S.C. § 2254 federal habeas petition based on Martinez v. Ryan, 566 U.S. ----, 132 S. Ct. 1309 (2012), which announced an equitable rule whereby a federal petitioner may establish cause, in narrow circumstances, to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim.

Lambrix's motion for substitute counsel alleges that (1) his initial state collateral counsel failed to raise ineffective-trial-counsel claims; (2) Martinez's equitable rule now allows Lambrix to bring those procedurally-defaulted claims in a successive § 2254 habeas petition; (3) Lambrix's new "state collateral counsel has been promising to initiate a 'Martinez v. Ryan' collateral action now for at least six months, and has not actually do[ne] so yet"; and (4) "because of state collateral counsel's lack of meaningful communication," Lambrix requests the appointment of "substitute counsel" to prepare and file a successive § 2254 petition under Martinez raising ineffective-trial-counsel claims.

After review of the record and the parties' counseled briefs in this appeal and with the benefit of oral argument, we affirm because it would be futile to appoint counsel to present a Martinez-based claim. As discussed herein,

Lambrix's proposed claims are barred and futile for reasons unrelated to the merits of any substantive ineffective-trial-counsel claim.

First, Martinez does not apply at all to Lambrix's motion because (1) Lambrix's state collateral counsel actually raised ineffective-trial-counsel claims in Lambrix's initial state post-conviction proceedings in 1986-1988; (2) Lambrix's federal counsel also raised ineffective-trial-counsel claims in his initial § 2254 petition; (3) in 1992 the district court found that those claims were not procedurally defaulted; (4) consequently, both the district court (in 1992) and this Court (in 1996) reviewed the merits of Lambrix's ineffective-trial-counsel claims; and (5) thus, those claims were not deemed procedurally defaulted.

Second, Lambrix's proposed ineffective-trial-counsel claims are futile because they are impermissibly successive under 28 U.S.C. § 2244(b), and Martinez does not allow Lambrix to overcome the statutory bar against filing successive § 2254 petitions.

Third, to the extent that Lambrix seeks to raise new ineffective-trial-counsel claims, Lambrix's proposed claims are time-barred under AEDPA's statute of limitations in 28 U.S.C. § 2244(d).[1]  And, the equitable rule in Martinez "applies

---

[1]See Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, §101, 110 Stat. 1214, 1217 (1996) (codified in scattered sections of Title 28 of the U.S. Code, with one-year limitations period codified at 28 U.S.C. § 2244(d)).

only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding" and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing a § 2254 petition. Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 943 (11th Cir. 2014) (citing Arthur v. Thomas, 739 F.3d 611, 629–31 (11th Cir. 2014)).

Fourth, Martinez did not create a freestanding claim for relief based on ineffective state collateral counsel and provides no basis to reopen Lambrix's time-barred and impermissibly successive claims.

## I.    BACKGROUND

Over the past 30 years, Lambrix has filed dozens of petitions, motions, original writs, and appeals in both state and federal court. We start by reviewing that procedural history. Due to the nature of Lambrix's present Martinez-based motion, we focus on the ineffective-trial-counsel claims raised in prior state and federal proceedings, the multiple counsel who represented Lambrix in those proceedings, and the merits-based resolution of those ineffective-trial-counsel claims.

## A.    Criminal Conduct

In 1983, Lambrix brutally killed Clarence Moore and Aleisha Bryant outside of his home by choking and stomping Bryant and hitting Moore over the head with

4

a tire iron.  See In re Lambrix, 624 F.3d 1355, 1358–59 (11th Cir. 2010).  Lambrix

then ate dinner with his girlfriend, cleaned himself, borrowed a shovel, buried

Moore's and Bryant's bodies in shallow graves, and used Moore's car to dispose of

the tire iron and his own bloody shirt in a nearby stream.  See id.

## B.    State Trial and Direct Appeal

In 1984, Lambrix was convicted of two counts of first-degree murder and

sentenced to death for the 1983 murders of Moore and Bryant.  At trial, counsel

Robert Jacobs and Kinley Engvalson of the Office of Public Defender for the 20th

Judicial Circuit of Florida represented Lambrix.

Then, in his initial direct appeal, Lambrix had new counsel:  J.L. LeGrande

and Barbara LeGrande.  Lambrix, through his new counsel, appealed his 1983

convictions and two death sentences.  Lambrix raised multiple issues on appeal.

The Florida Supreme Court affirmed Lambrix's convictions and sentences.  See

Lambrix v. State, 494 So. 2d 1143, 1145 (Fla. 1986).[2]  The direct appeal does not

appear to have involved an ineffective-trial-counsel claim.[3]

---

[2]Lambrix did not move for rehearing or petition the U.S. Supreme Court for a writ of certiorari.

[3]The issues on direct appeal included claims that the trial court erred (1) in excluding a certain juror, (2) by limiting his cross-examination of the State's key witness, and (3) in allowing the medical examiner to use the term "homicide" in reference to the deaths of the victims.  See Lambrix v. State, 39 So. 3d 260, 274 n.4 (Fla. 2010).

### C.    State Post-Conviction Proceedings

Lambrix, through new counsel Larry Spalding and Billy Nolas from the Collateral Capital Representative ("CCR") in Tallahassee, Florida, filed his first motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.[4] Lambrix's first state post-conviction motion raised several claims, including these ineffective-assistance-of-<u>trial</u>-counsel claims:  (1) failure to investigate, develop, and present a voluntary intoxication defense during the guilt phase; (2) failure to investigate, develop, and present evidence of statutory and non-statutory mitigating factors during the penalty phase; (3) failure to renew, supplement, and litigate a motion for change of venue; (4) failure to adequately cross-examine and impeach key State witnesses; (5) failure to secure Lambrix's presence during a portion of <u>voir dire</u>; (6) failure to properly exercise peremptory challenges;[5] and (7) failure to fully inform Lambrix of his right to testify on his own behalf.  After a non-evidentiary hearing, the state trial court denied Lambrix's post-conviction motion on the merits of every claim and denied Lambrix's counseled motion for rehearing.

---

[4]Although Lambrix filed his initial state post-conviction motion <u>pro se</u>, he had appointed counsel, who amended Lambrix's pleadings prior to the Florida court's ruling in the case.

[5]In his instant motion for substitute counsel, Lambrix advises that during his "initial-review-collateral proceedings, [his] counsel did present several challenges to the composition of the jury based upon the alleged ineffectiveness of trial counsel, such as the failure to renew motions for 'individual voir dire' and the failure to have juror Maxine Hough removed for cause when juror Hough failed to disclose that she was called as a potential juror at [Lambrix's] original trial."

Lambrix, with the assistance of CCR counsel Spalding and Nolas, appealed the denial of his first state post-conviction motion.  Lambrix raised several claims, including that his trial counsel were ineffective in failing to develop (1) evidence that would have entitled Lambrix to jury instructions on a voluntary intoxication defense and (2) mitigation evidence related to Lambrix's alcoholism.  The Florida Supreme Court affirmed the state trial court's denial of Lambrix's post-conviction motion.  See Lambrix v. State, 534 So. 2d 1151, 1154 (Fla. 1988).  In particular, the Florida Supreme Court concluded that Lambrix's ineffective-trial-counsel claims failed on the merits because Lambrix "failed to meet the requirements of the second [i.e., prejudice] prong of the Strickland test."  See id. at 1153–54.

Lambrix, again through CCR counsel Spalding and Nolas, petitioned the Florida Supreme Court for a writ of habeas corpus.[6]  Then, proceeding pro se, Lambrix petitioned the state trial court for a writ of habeas corpus.  Ultimately, the Florida Supreme Court, in two separate opinions, denied Lambrix's state habeas petitions.  See Lambrix v. Dugger, 529 So. 2d 1110, 1112 (Fla. 1988) (denying original state habeas petition alleging ineffective assistance of appellate counsel);

---

[6]Although Lambrix filed his initial state habeas petition pro se, he had appointed counsel, who amended Lambrix's pleadings prior to the Florida court's ruling in the case.  See Lambrix v. Dugger, 529 So. 2d 1110, 1110 n.1 (Fla. 1988).  The Florida Supreme Court considered both Lambrix's pro se petition and his counseled petition.  See id.  It is unclear if Lambrix was represented in his second state habeas petition.

7

Lambrix v. State, 559 So. 2d 1137, 1138 (Fla. 1990) (affirming trial court's denial of state habeas petition alleging ineffective assistance of state collateral counsel for failing to raise a claim of juror misconduct).

**D.    Initial Federal § 2254 Petition**

In 1988, Lambrix, through CCR counsel Spalding and Nolas, petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the district court granted CCR's motion to withdraw as counsel and appointed new counsel for Lambrix:  Robert Josefsberg and Joel Lumer, private attorneys who volunteered with the Volunteer Lawyers Resource Center ("VLRC").

With the assistance of attorneys Josefsberg and Lumer, Lambrix amended his § 2254 petition.  Lambrix raised 28 grounds for relief, including many claims based on the alleged "ineffective assistance of counsel rendered by both trial and appellate counsel with respect to many stages of the representation of [Lambrix]."

Thereafter, the district court appointed additional counsel Matthew Lawry, director of the VLRC, to assist attorneys Josefsberg and Lumer with Lambrix's initial § 2254 petition.

In 1991, the district court held a five-day evidentiary hearing, during which Lambrix's counsel appeared and acted on Lambrix's behalf.  After this hearing, the district court reviewed the merits of Lambrix's counseled § 2254 petition.[7]

In particular, the district court considered the merits of these ineffective-trial-counsel claims:  (1) failure to sufficiently argue certain motions before the trial judge; (2) failure to investigate and present sufficient evidence of Lambrix's history of substance abuse at the guilt and penalty phases; (3) failure to present and investigate Lambrix's only defense, that of voluntary intoxication; (4) failure to challenge the testimony of certain State witnesses; (5) failure to adequately cross-examine, impeach, object to, or "properly litigate the unconstitutionality of the testimony" of certain State witnesses; and (6) failure to properly advise Lambrix that he was the final decision-maker with respect to whether to take the stand and testify.

And, the district court considered the merits of these ineffective-appellate-counsel claims:  failure to challenge (1) the death sentences; (2) the denial of the

---

[7]Notably, the district court discussed at length and ultimately rejected the State's assertion that Lambrix's claims were procedurally defaulted.  Before examining the merits of Lambrix's claims, including his ineffective-trial-counsel claims, the district court stated: "Having determined the procedural default rule is inapplicable, we proceed to examine the merits of each claim."

motion to change venue; (3) Lambrix's absence from the proceedings; (4) the denial of the voluntary intoxication instruction; and (5) any sentencing issue.[8]

After its review, the district court, in a 72-page order, denied each of these claims from Lambrix's § 2254 petition on the merits. The district court did <u>not</u> conclude that any of Lambrix's ineffective-trial-counsel or ineffective-appellate-counsel claims were procedurally defaulted.[9]

Lambrix appealed. Shortly thereafter, this Court granted counsel Lumer's motion to withdraw. Counsel Lawry and Josefsberg remained as Lambrix's counsel. On appeal, Lambrix asserted that (1) his trial counsel rendered ineffective

---

[8]The district court also considered the merits of these substantive claims: (1) failure to change the trial court venue; (2) lack of individualized <u>voir dire</u>; (3) Lambrix's absence during a portion of <u>voir dire</u> and when stipulations were entered regarding identification; (4) failure to determine whether Lambrix's choice not to testify was voluntary; (5) improper statements in the presentence investigation report; (6) improper sentencing instructions; (7) denial of a voluntary intoxication instruction; (8) rushing the jury through its deliberations; (9) overbroad application of aggravating circumstances; (10) allowing the jury to believe that it was not responsible for determining the appropriateness of the death sentences; (11) refusal to find mitigating circumstances; (12) shifting the burden of proof; (13) telling the jury that the death sentence vote need not be unanimous; (14) <u>Brady</u> claims related to a "star" witness; (15) restricting cross-examination; and (16) admitting testimony of Lambrix's escape from jail.

[9]The district court found four other claims to be "procedurally barred because they were neither raised on direct appeal nor within the two-year limit provided for by the rules governing [Rule] 3.850 motions." The district court also found these claims to be meritless. These claims were "(1) setting aside a prior conviction, (2) an anti-sympathy instruction claim, (3) improper instruction with respect to the weighing of the aggravating and mitigating circumstances, and (4) the court-appointed psychiatrist rendered ineffective assistance."

10

assistance at the guilt and penalty phases and (2) his appellate counsel rendered

ineffective assistance on appeal.[10]

After briefing and oral argument, this Court reviewed the merits of the

§ 2254 claims raised on appeal, including Lambrix's many ineffective-trial-and-

appellate-counsel claims, and affirmed the district court's denial of Lambrix's

initial § 2254 habeas petition.  See Lambrix v. Singletary, 72 F.3d 1500, 1502–07

(11th Cir. 1996), aff'd, 520 U.S. 518, 117 S. Ct. 1517 (1997).[11]  In particular, this

Court discussed at length, and ultimately denied, Lambrix's claim that his trial

counsel rendered ineffective assistance by failing to uncover, investigate, and

present mitigating evidence in the penalty phase, such as evidence of sexual and

physical abuse and neglect.[12]  Id. at 1504–06.

---

[10]Lambrix also asserted (1) claims based on Espinosa v. Florida, 505 U.S. 1079, 112 S. Ct. 2926 (1992); (2) that his second trial subjected him to double jeopardy; (3) that he was denied the right to testify on his own behalf; (4) the trial court erred in refusing to grant a change in venue; (5) the trial court's limitation of cross-examination of some witnesses denied Lambrix his right to confront witnesses against him; (6) the trial court erred in failing to give a jury instruction on voluntary intoxication; and (7) the sentencing court made miscellaneous erroneous rulings and instructions which deprived Lambrix of a fair and reliable sentencing proceeding. After discussion, this Court affirmed with respect to the first three claims.  Lambrix v. Singletary, 72 F.3d 1500, 1505, 1507–08 (11th Cir. 1996).  This Court found the remaining claims to be meritless and affirmed with respect to those claims without further discussion.  Id. at 1503.

[11]This Court denied Lambrix's counseled petition for rehearing and suggestion for rehearing en banc.  See Lambrix v. Singletary, 83 F.3d 438 (11th Cir. 1996) (tab. op.).

[12]As to mitigation evidence, Lambrix's initial § 2254 petition in 1998 did not allege facts regarding sexual and physical abuse and neglect as a child.  Consequently, the district court only reviewed the mitigation-based ineffective-trial-counsel claim "as asserting that trial counsel

Lambrix, through counsel Lawry, petitioned the U.S. Supreme Court for a writ of certiorari. The U.S. Supreme Court granted Lambrix's petition on one issue not relevant to the instant proceeding[13] and denied Lambrix's counseled petition on all other issues. See Lambrix v. Singletary, 519 U.S. 958, 117 S. Ct. 380 (1996). The U.S. Supreme Court ultimately affirmed the 1996 judgment of this Court. See Lambrix v. Singletary, 520 U.S. 518, 540, 117 S. Ct. 1517, 1531 (1997).

### E.    1990s Era State Post-Conviction Proceedings

While simultaneously pursuing habeas relief through his initial § 2254 proceedings in federal court, Lambrix, with the assistance of counsel Lawry and Josefsberg, filed a second and successive state motion for post-conviction relief pursuant to Florida Rules of Criminal Procedure 3.850 and 3.851. The state post-

---

failed to investigate and present mitigating evidence of [Lambrix's] substance abuse problem at the capital sentencing phase of [Lambrix's] trial." Nevertheless, this Court reviewed the merits of Lambrix's claim that his trial counsel rendered ineffective assistance in failing to investigate prior sexual and physical abuse and neglect. See Lambrix v. Singletary, 72 F.3d 1500, 1505–06 (11th Cir. 1996). Ultimately, we "conclude[d] that counsel's investigation for the penalty phase was fairly extensive and certainly was not constitutionally deficient." Id. at 1506.

[13]The U.S. Supreme Court granted certiorari to consider whether a prisoner whose conviction became final before the Supreme Court's Espinosa decision—which addressed the weighing of invalid aggravating circumstances in states where trial judges must give deference to a jury's advisory sentencing recommendation—was foreclosed from relying on Espinosa in a federal habeas proceeding because Espinosa announced a "new rule" as defined in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989). See Lambrix v. Singletary, 520 U.S. 518, 520–21, 117 S. Ct. 1517, 1521–22 (1997).

12

conviction court summarily denied Lambrix's second and successive post-conviction motion because "his claims were without merit" and also were "untimely and successive or abusive" under state law.  See Lambrix v. State, 698 So. 2d 247, 248 (Fla. 1996);[14] see also Aldridge v. State, 503 So. 2d 1257, 1258 (Fla. 1987) (holding that the appellant could not raise additional bases for ineffective assistance of trial counsel in a successive state post-conviction motion where the appellant's initial post-conviction motion already raised the ineffective-trial-counsel claim, albeit on "somewhat different facts").

On appeal of the denial of his second and successive state post-conviction motion, Lambrix's counseled brief asserted that trial counsel was ineffective because trial counsel:  (1) forced Lambrix to choose between his right to testify and his right to assistance of counsel; (2) failed to adequately cross-examine and impeach key State witnesses; (3) failed to investigate and present a voluntary

---

[14]In this 1996 Lambrix decision, the Florida Supreme Court also addressed Lambrix's claim that his state collateral counsel failed to appeal the denial of Lambrix's request to represent himself.  As to that ineffective-collateral-counsel claim, the Florida court stated:  "[C]laims of ineffective assistance of postconviction counsel do not present a valid basis for relief."  Lambrix v. State, 698 So. 2d 247, 248 (Fla. 1996).  In 2000, in an unrelated proceeding, the Florida Supreme Court revisited and abrogated its statement from Lambrix in 1996 that ineffective-collateral-counsel claims "do not present a valid basis for relief."  See Williams v. State, 777 So. 2d 947, 948 n.1, 950 (Fla. 2000) (holding that a defendant can file an untimely appeal of the state court's denial of a post-conviction motion when the notice of appeal was untimely because of the ineffectiveness of state collateral counsel and holding that the proper remedy in such case is for a defendant to file a writ of habeas corpus in state court).  The Williams court did not disturb the remainder of its conclusions from the 1996 Lambrix decision, including its alternative basis for disallowing Lambrix's ineffective-collateral-counsel claim.

13

intoxication defense; (4) failed to conduct jury selection in a reasonably competent manner; (5) failed to investigate and present available, compelling mitigating evidence; and (6) failed to object to the instructions given for the "especially heinous, atrocious or cruel," the "cold, calculated and premeditated," and the "pecuniary gain" aggravators.[15]  See Lambrix v. State, 698 So. 2d 247, 248 & n.2 (Fla. 1996).[16]

The Florida Supreme Court affirmed the state trial court's denial of Lambrix's second and successive state post-conviction motion because Lambrix's claims were untimely or impermissibly successive under state law and, thus, were procedurally barred under state law.  See id.  The Florida Supreme Court denied Lambrix's request for rehearing.  See id.

Lambrix, with the assistance of counsel Josefsberg and additional VLRC counsel Steven Goldstein, also filed a successive state habeas petition pursuant to

---

[15]Lambrix's counseled brief also raised these substantive claims:  (1) Lambrix was deprived of the right to represent himself in his initial post-conviction proceedings; (2) the state trial court erred in denying his initial post-conviction motion without holding a hearing or attaching portions of the record to its order; (3) the trial court erred in finding that his initial post-conviction motion was untimely and successive; (4) during the penalty phase, the trial court acted arbitrarily in finding and weighing the "pecuniary gain" aggravator; and (5) during the penalty phase, the trial court failed to conduct an independent evaluation of the mitigating evidence.  Lambrix v. State, 698 So. 2d 247, 248 & n.2 (Fla. 1996).

[16]See supra note 14.

14

this Court's directive.[17]  See Lambrix v. Dugger, No. 92-4539 (11th Cir. Mar. 3, 1993) (unpublished).  The Florida Supreme Court denied that counseled successive state habeas petition.  See Lambrix v. Singletary, 641 So. 2d 847, 849 (Fla. 1994) (denying Lambrix's state habeas petition alleging Espinosa error and ineffective assistance of appellate counsel), reh'g denied (Sept. 8, 1994).

In 1996, the United States Congress ended funding for the VLRC. Thereafter, Lambrix's counsel Lawry informed the state courts that Lambrix needed substitute counsel due to the unavailability of federally-supported counsel.[18]

## F.    2000s Era State Post-Conviction Proceedings

In May 2000, the Florida state courts appointed the Capital Collateral Regional Counsel ("CCRC") to serve as Lambrix's state collateral counsel. CCRC–South litigation director Todd Scher served as Lambrix's state collateral counsel from June 2000 to May 2002.  CCRC–South counsel Dan Hallenberg

---

[17]While Lambrix's appeal of the denial of his initial § 2254 petition was pending before this Court, the U.S. Supreme Court decided Espinosa, which affected Lambrix's claims related to the sentencing instructions for the "heinous, atrocious and cruel" and "cold, calculated and premeditated" aggravating factors.  The Florida state courts had not had a fair opportunity to address the substance of Lambrix's sentencing-instruction claims in light of Espinosa. Therefore, on the State's motion, this Court stayed the § 2254 appeal to permit Lambrix to present his Espinosa claims to the Florida state courts.  See Lambrix v. Singletary, 72 F.3d 1500, 1502–03 (11th Cir. 1996).

[18]In his reply brief in the instant appeal, Lambrix states that counsel Lawry and Josefsberg last contacted him in 1997.

served as Lambrix's state collateral counsel from May 2002 to October 2004. From October 2004 until the present, CCRC–South litigation director William Hennis has served as Lambrix's state collateral counsel.

With the assistance of state collateral counsel, Lambrix filed several additional successive state motions for post-conviction relief. See Lambrix v. State, 39 So. 3d 260, 266 (Fla. 2010) (third state post-conviction proceeding); Lambrix v. State, 124 So. 3d 890 (Fla. 2013), reh'g denied (Oct. 17, 2013) (fourth and fifth state post-conviction proceedings).

CCRC–South counsel Hennis, Neal Dupree, and Craig Trocino assisted Lambrix in his successive state post-conviction proceedings. After several evidentiary hearings, the state post-conviction court denied relief on all of Lambrix's claims, and the Florida Supreme Court affirmed. See Lambrix v. State, 39 So. 3d 260, 262 (Fla. 2010), cert. denied, Lambrix v. Florida, 131 S. Ct. 917 (2011) (mem.);[19] Lambrix v. State, 124 So. 3d 890, 893 (Fla. 2013) (concluding that Lambrix's fourth and fifth state post-conviction motions were "completely devoid of merit" and denying Lambrix's petition for a writ of prohibition), reh'g

---

[19]In the appeal of the denial of his counseled third state post-conviction motion, Lambrix raised these claims: (1) the state withheld material exculpatory or impeachment evidence involving a sexual relationship between a witness and a state investigator; (2) an important witness recanted her trial testimony; (3) the state post-conviction court failed to allow a full and fair hearing; (4) judicial bias existed during the retrial proceedings; (5) actual innocence; and (6) Lambrix was entitled to re-litigate his innocence. See Lambrix v. State, 39 So. 3d 260, 266 & n.10 (Fla. 2010).

denied (Oct. 17, 2013), cert. denied, Lambrix v. Florida, No. 13-8094, 2014 WL 1343636 (U.S. Apr. 7, 2014).

In March 2013, Lambrix, with the assistance of counsel Hennis, filed a sixth state post-conviction motion, which alleged that Lambrix "was entitled to raise procedurally barred claims of ineffective assistance of counsel based on Martinez." See Lambrix v. State, No. SC13-1471, 2014 WL 1271527 (Fla. Mar. 27, 2014). The state post-conviction court denied relief, and the Florida Supreme Court affirmed. See id. (denying Lambrix's Martinez-based motion as meritless and untimely).[20]

Lambrix, proceeding pro se, also petitioned the Florida Supreme Court for a writ of habeas corpus, pursuant to that court's original jurisdiction. The Florida Supreme Court denied the state habeas petition. Lambrix v. Crews, 118 So. 3d 221 (Fla. 2013) (tab. op.) (denying petition on the merits), reh'g denied (May 14, 2013).

## G.    Other Miscellaneous State Petitions

Lambrix also filed numerous pro se and counseled extraordinary writ petitions that the Florida courts either denied or dismissed. See, e.g., Lambrix v. Friday, 525 So. 2d 879 (Fla. 1988) (tab. op.) (petition for extraordinary relief);

---

[20]This is the same Martinez-based claim that Lambrix seeks substitute counsel to help him raise in a successive § 2254 petition.

17

Lambrix v. Martinez, 534 So. 2d 400 (Fla. 1988) (tab. op.) (petition for writ of mandamus); Lambrix v. Reese, 705 So. 2d 902 (Fla. 1998) (tab. op.) (petition for writ of mandamus); Lambrix v. State, 727 So. 2d 907 (Fla. 1998) (tab. op.) (petition for writ of prohibition); Lambrix v. State, 766 So. 2d 221 (Fla. 2000) (tab. op.) (petition for writ of mandamus); Lambrix v. State, 900 So. 2d 553 (Fla. 2005) (tab. op.) (petition for writ of mandamus); Lambrix v. State, 944 So.2d 345 (Fla. 2006) (tab. op.) (petition for writ of mandamus); Lambrix v. State, 74 So. 3d 1083 (Fla. 2011) (tab. op.), reh'g denied (Oct. 14, 2011) (petition for writ of mandamus and/or prohibition).

And, Lambrix filed a pro se petition for a writ of habeas corpus in the U.S. Supreme Court, pursuant to that Court's original habeas jurisdiction. The U.S. Supreme Court summarily denied the petition. In re Lambrix, 131 S. Ct. 2907 (2011) (mem.).

## H.    First Attempt to File a Successive Federal § 2254 Petition

In 2010, Lambrix, pro se, filed, in this Court, a 128-page application for leave to file a second or successive § 2254 petition based on these claims:[21]  (1) he was entitled to relief under the "fundamental miscarriage of justice standard" due

---

[21]Although Lambrix filed his application pro se, he attests in his application that he served his application on CCRC–South counsel Hennis, Dupree, and Trocino. And, he refers to counsel Hennis and Dupree as "counsel of record."

18

to newly discovered evidence; (2) newly discovered evidence demonstrated that he was actually innocent; (3) the State withheld material exculpatory and/or impeachment evidence related to a sexual relationship between an investigator and a witness; (4) the State coerced false testimony from a witness; (5) the State fabricated evidence; (6) the State manufactured the murder weapon; (7) the State granted immunity to a witness; (8) denial of Lambrix's right to testify at trial; (9) trial judge bias; (10) improper restriction of cross-examination and lack of an impartial jury; (11) the State engaged in "systematic obstruction and gross misconduct"; and (12) cause and prejudice excused any procedural default of the claims in his state and federal habeas petitions.

This Court denied Lambrix's pro se application for leave to file a second or successive § 2254 petition because none of Lambrix's claims satisfied the requirements of a second or successive § 2254 federal habeas petition. In re Lambrix, 624 F.3d 1355, 1357–59, 1368 (11th Cir. 2010); 28 U.S.C. § 2244(b). In particular, we concluded that (1) claims 7, 8, and 10 were raised in Lambrix's initial § 2254 federal habeas petition and, thus, failed to satisfy § 2244(b)(1); (2) claims 1, 11, and 12 did not allege a constitutional violation, as required by § 2244(b)(2)(B)(ii); and (3) the remaining claims did not allege a previously undiscoverable factual predicate, as required by § 2244(b)(2)(B)(i), or a constitutional violation, as required by § 2244(b)(2)(B)(ii). See Lambrix, 624 F.3d

19

at 1362–67.  We also denied Lambrix's concurrent request for appointed counsel.

Id. at 1368.

With this background, we turn to the current matter on appeal.

## II.    SECOND ATTEMPT TO FILE A SUCCESSIVE FEDERAL § 2254 PETITION

### A.    2013 Motion for Federally-Appointed Counsel

In March 2013, Lambrix filed a pro se "Motion for Appointment of Substitute Collateral Counsel" in federal district court for the purpose of pursuing yet another successive § 2254 petition.  This time Lambrix's proposed successive § 2254 petition relies on the Supreme Court's 2012 Martinez decision.

As observed above, CCRC–South counsel Hennis has represented Lambrix in all of his state court post-conviction litigation from October 2004 to the present. And, as noted at the outset, Lambrix's March 2013 motion sought "substitute" collateral counsel in federal court, alleging (1) his "state collateral counsel has been promising to initiate a 'Martinez v. Ryan' collateral action now for at least six months, and has not actually do[ne] so yet" and (2) "because of state collateral counsel's lack of meaningful communication," Lambrix requests the appointment

20

of "substitute counsel" to prepare and file a successive § 2254 petition under Martinez raising ineffective-trial-counsel claims.[22]

To support his request for "substitute counsel," Lambrix argued that (1) his state collateral counsel failed to raise his ineffective-trial-counsel claims in his initial state post-conviction proceedings in 1986-1988; (2) the ineffective assistance of his state collateral counsel caused those claims to be procedurally defaulted in his initial § 2254 federal habeas petition in 1992 and on appeal to this Court in 1996; and (3) the new, equitable rule announced in Martinez now allows Lambrix to bring those procedurally defaulted ineffective-trial-counsel claims in a successive § 2254 habeas petition.

The alleged-procedurally-defaulted claims Lambrix now wants to bring are that his state trial counsel rendered ineffective assistance by:

(1) failing to "investigate, develop, and present evidence necessary to subject the State[']s wholly circumstantial theory of alleged premeditated murder to a true adversarial testing";

(2) depriving Lambrix of his right to present a defense through his own testimony that would have established that Lambrix was actually innocent;

(3) failing "to conduct jury selection in a reasonably competent manner";[23] and

---

[22]Lambrix did not mention any current federally-appointed counsel in his 2013 motion for counsel. And, the parties dispute whether Lambrix's federally-appointed counsel for his initial § 2254 petition technically remain in the case. Because Lambrix's proposed claims are futile for reasons unrelated to the merits of any substantive ineffective-trial-counsel claim, we need not address this issue.

(4) failing, during the penalty phase, to investigate, present mitigating evidence, challenge the use of aggravating factors, or challenge the introduction of highly prejudicial evidence.

Lambrix's 2013 motion asserted that these claims would collectively establish that he was actually innocent of the premeditated murders and that his death sentences were "constitutionally unreliable."  Lambrix's motion contends that his actual-innocence claims have never been reviewed on the merits because his initial state collateral counsel was ineffective in not raising ineffective-trial-counsel claims.

**B.    District Court's March 25, 2013 Order**

The only matter before the district court was Lambrix's pro se March 2013 "Motion for Appointment of Substitute Collateral Counsel" to aid in preparing and filing another successive § 2254 petition.

The district court, however, construed Lambrix's March 2013 motion as a successive § 2254 petition itself.  In an order dated March 25, 2013, the district court dismissed the construed successive § 2254 petition without prejudice to allow Lambrix to seek an order from this Court authorizing the district court to consider his successive § 2254 petition.  See 28 U.S.C. § 2244(b)(3).

---

[23]As the main part of this jury composition claim, Lambrix alleges that his trial counsel was ineffective for either failing to adequately question or strike jurors Snyder, Winburn, and Walsh.

22

**C.    Counseled Motion for a Certificate of Appealability in this Court as to the District Court's March 25, 2013 Order**

Subsequently, in an effort to appeal the district court's March 25, 2013 order, Lambrix, proceeding pro se, sought a certificate of appealabiltiy ("COA") from this Court.[24]  In June 2013, Lambrix's state collateral counsel, Hennis, filed a notice of appearance in this Court.  Hennis then filed Lambrix's counseled request for a COA.

On October 25, 2013, this Court entered an order denying Lambrix's counseled request for a COA.  To the extent that Lambrix sought a COA to appeal the district court's dismissal of his construed successive § 2254 petition (which the court construed from Lambrix's "Motion for Appointment of Substitute Collateral Counsel"), we denied Lambrix's COA request because (1) the construed § 2254 petition was successive, (2) Lambrix failed to obtain authorization from this Court pursuant to 28 U.S.C. § 2244 to file a successive § 2254 habeas petition, and (3) therefore, the district court lacked subject matter jurisdiction over that construed § 2254 petition.

However, in that same order, this Court pointed out that a petitioner does not need a COA to appeal a district court's denial of a motion for appointed counsel under 18 U.S.C. § 3599.  We stated, "An order denying a motion for court-

---

[24]Lambrix also requested leave to proceed in forma pauperis ("IFP"), which we granted.

appointed, federal habeas counsel under 18 U.S.C. § 3599 is 'clearly an appealable order under 28 U.S.C. § 1291.' " (quoting Harbison v. Bell, 556 U.S. 180, 183, 129 S. Ct. 1481, 1485 (2009)).  Therefore, we denied as unnecessary Lambrix's request for a COA to appeal the district court's denial of Lambrix's "Motion for Appointment of Substitute Collateral Counsel" to aid in preparing and filing a successive § 2254 petition.[25]

## D.    Issue in this Direct Appeal of the District Court's March 25, 2013 Order

After denying Lambrix's request for a COA as unnecessary as to the § 3599 issue, this Court directed the parties to brief the issue "of whether the district court erred in its implicit denial of [Lambrix's] request for court-appointed federal habeas counsel under 18 U.S.C. § 3599."  Lambrix's collateral counsel Hennis has filed a brief, as has the State.[26]

The § 3599 issue is the sole matter currently before the Court.

---

[25]In May 2014, Lambrix, with the assistance of CCRC–South counsel Hennis, filed a petition for a writ of certiorari in the U.S. Supreme Court.  Lambrix's petition for certiorari remains pending.

Lambrix's petition seeks review of this Court's October 25, 2013 decision which denied his request for a COA on the issue of whether the district court erred in dismissing his construed second or successive § 2254 petition for failure to comply with the requirements in 28 U.S.C. § 2244(b)(3)(A).

[26]On January 24, 2014, this Court entered an order appointing Hennis as Lambrix's counsel for the purposes of this appeal, No. 13-11917-P.  That order stated, "[Lambrix's] motion for nunc pro tunc appointment of William M. Hennis, III, Capital Collateral Regional Counsel-South, is GRANTED for purposes of No. 13-11917-P."

### III.    18 U.S.C. § 3599

An indigent state inmate seeking to challenge his death sentence in federal court is statutorily entitled to the appointment of counsel "in any post conviction proceeding under section 2254."  18 U.S.C. § 3599(a)(2); see also Martel v. Clair, 565 U.S. ----, 132 S. Ct. 1276, 1285 (2012) ("Habeas petitioners facing execution now receive counsel as a matter of [statutory] right, not an exercise of the court's discretion.").  The Supreme Court has held that the right to the appointment of counsel "includes a right to legal assistance in the preparation of a habeas corpus application" and, thus, "adheres prior to the filing of a formal, legally sufficient habeas corpus petition."  McFarland v. Scott, 512 U.S. 849, 855–56, 114 S. Ct. 2568, 2572 (1994).

Once an indigent capital defendant has federally-appointed counsel, that appointed "counsel is required to represent the prisoner 'throughout every subsequent stage of available judicial proceedings,' including 'all available post-conviction process' in state and federal court (such as state clemency proceedings), until he has been 'replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant.' "  Chavez, 742 F.3d at 944 (quoting 18 U.S.C. § 3599(e)); see also Harbison v. Bell, 556 U.S. 180, 185–88, 129 S. Ct. 1481, 1486–88 (2009).

Substitution of that federally-appointed counsel is warranted only when it would serve "the interests of justice." Martel, 132 S. Ct. at 1284 (quoting 18 U.S.C. § 3006A). Among other things, that means a district court is not required to appoint substitute counsel just so that a state prisoner can file a futile petition. See Martel, 132 S. Ct. at 1289 ("The court was not required to appoint a new lawyer just so [the petitioner] could file a futile motion."); see also Chavez, 742 F.3d at 944.

In addition, a district court is not required to appoint new counsel to pursue wholly futile claims that are conclusively time barred or could not form the basis for federal habeas relief. See Chavez, 742 F.3d at 946–47 (concluding that, in determining whether to appoint new counsel under § 3599, the district court can "consider[] whether a proposed petition would clearly be barred for a reason unrelated to the merits of any substantive claim for relief, such as a statute-of-limitations bar"); see also In re Hearn, 376 F.3d 447, 455 (5th Cir. 2004) ("[P]otential procedural bars may be so conclusive that the right to counsel under [§ 3599] becomes unavailable."); Cantu–Tzin v. Johnson, 162 F.3d 295, 298 (5th Cir. 1998) ("Appointment of counsel for a capital-convicted defendant would be a futile gesture if the petitioner is time-barred from seeking federal habeas relief.").

26

## IV.   MARTINEZ AND TREVINO

Lambrix's motion is based on the U.S. Supreme Court's decision in Martinez, which the Supreme Court glossed slightly in Trevino v. Thaler, 569 U.S. ---, ----, 133 S. Ct. 1911, 1918–21 (2013).  Lambrix asserts that the new rules announced in Martinez and Trevino (collectively referred to as the "Martinez rule") "excuse" the procedural default of his ineffective-trial-counsel claims from his initial § 2254 habeas petition.  And, as a result, Lambrix argues that he is entitled to appointed counsel to pursue his Martinez-based, ineffective-trial-counsel claims.

Because an understanding of Martinez and Trevino is important to our ultimate conclusion that Lambrix's proposed claims are futile, we start by briefly reviewing the procedural default doctrine and the Martinez and Trevino decisions. See Arthur v. Thomas, 739 F.3d 611, 628–31 (11th Cir. 2014) (providing a thorough discussion of the Martinez rule).  We then explain why the Martinez rule does not apply at all to Lambrix's case.

Under the procedural default doctrine, if a state prisoner "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law . . . ."[27]  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.

Ct. 2546, 2565 (1991).  In general, lack of an attorney and attorney error in state

post-conviction proceedings do not establish cause to excuse a procedural default.

Id. at 757, 111 S. Ct. at 2568.

In Martinez, the Supreme Court announced a narrow, equitable, and non-

constitutional exception to Coleman's holding (that ineffective assistance of

collateral counsel cannot serve as cause to excuse a procedural default) in the

limited circumstances where (1) a state requires a prisoner to raise ineffective-trial-

counsel claims at an initial-review collateral proceeding; (2) the prisoner failed

properly to raise ineffective-trial-counsel claims in his state initial-review collateral

proceeding; (3) the prisoner did not have collateral counsel or his counsel was

ineffective; and (4) failing to excuse the prisoner's procedural default would cause

the prisoner to lose a "substantial" ineffective-trial-counsel claim.  See Arthur, 739

F.3d at 629 (citing Martinez, 132 S. Ct. at 1318).  In such a case, the Supreme

Court explained that there may be "cause" to excuse the procedural default of the

ineffective-trial-counsel claim.  Martinez, 132 S. Ct. at 1319.  Subsequently, the

---

[27]The procedural default doctrine is a judge-made creation of the Supreme Court.  See McQuiggin v. Perkins, 569 U.S. ---, ----, 133 S. Ct. 1924, 1937 (2013) (Scalia, J. dissenting); see also Dretke v. Haley, 541 U.S. 386, 392, 124 S. Ct. 1847, 1851 (2004).  "The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion."  Martinez, 132 S. Ct. at 1318 (2012).

U.S. Supreme Court extended <u>Martinez</u>'s rule to cases where state law technically permits ineffective-trial-counsel claims on direct appeal but state procedures make it "virtually impossible" to actually raise ineffective-trial-counsel claims on direct appeal.  See <u>Trevino</u>, 133 S. Ct. at 1915, 1918–21.

Importantly, the <u>Martinez</u> rule is expressly limited to attorney errors in initial-review collateral proceedings:  "[T]he holding in [<u>Martinez</u>] does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."  <u>Martinez</u>, 132 S. Ct. at 1320 ("The rule of <u>Coleman</u> governs in all but the limited circumstances recognized here."); <u>see also</u> <u>Trevino</u>, 133 S. Ct. at 1921 (applying <u>Martinez</u>'s "narrow exception" to <u>Coleman</u>'s general rule); <u>Arthur</u>, 739 F.3d at 630.[28]

## V.    FUTILITY OF APPOINTING COUNSEL

Given the narrow scope of the <u>Martinez</u> rule, we now explain the many, alternative reasons why any attempt by Lambrix to raise ineffective-trial-claims based on <u>Martinez</u> would be a futile undertaking.

---

[28]The petitioners in <u>Martinez</u> and <u>Trevino</u> sought "cause" to excuse the procedural default of the ineffective-trial-counsel claims in their respective <u>initial</u> § 2254 petitions, not their second or successive § 2254 petitions.  <u>See</u> <u>Martinez</u>, 132 S. Ct. at 1314; <u>Trevino</u>, 133 S. Ct. at 1915.

29

**A.     Martinez Does Not Apply**

First, the Martinez rule relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition and does not apply to cases like Lambrix's—where ineffective-trial-counsel claims were reviewed on the merits in the initial § 2254 proceeding. Claims reviewable on the merits are, quite simply, not procedurally defaulted—nor otherwise procedurally barred.

Lambrix's ineffective-trial-counsel claims in his initial § 2254 petition were not dismissed for any reason—procedural default, untimeliness, or any other reason. To the contrary, in reviewing Lambrix's initial, counseled § 2254 petition, the district court concluded—over the State's objections—that Lambrix's ineffective-trial-counsel claims were not procedurally defaulted. The district court then reviewed the merits of all of Lambrix's ineffective-trial-counsel claims, and this Court reviewed the merits of those claims on appeal. Thus, the narrow, equitable, non-constitutional exception to Coleman's holding announced in Martinez is wholly inapplicable to Lambrix's case. And, any attempt to use Martinez to raise or re-raise ineffective-trial-counsel claims would be futile.

**B.     The Claims Are Impermissibly Successive**

Second, Lambrix's proposed ineffective-trial-counsel claims are futile because they are impermissibly successive under 28 U.S.C. § 2244(b), and

Martinez does not allow Lambrix to overcome the statutory bar against filing successive § 2554 petitions.

Lambrix already raised ineffective-trial-counsel claims in his initial § 2254 petition in 1992. Therefore, § 2244(b) precludes Lambrix's attempt to re-raise those claims in a successive § 2254 petition. See 28 U.S.C. § 2244(b)(1).

And, to the extent that any of Lambrix's ineffective-trial-counsel claims were not raised in his initial § 2254 petition, § 2244(b) precludes Lambrix's attempt to raise those claims now.[29] See 28 U.S.C. § 2244(b)(2). Such claims can be brought in a successive § 2254 petition only where they either (1) rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) rely on facts that "could not have been discovered previously through the exercise of due diligence" and that are sufficient to show that "no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (B); see also Chavez, 742 F.3d at 946; Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007). "A claim of ineffective assistance of trial counsel, even one that can be

---

[29]Given that the merits of Lambrix's many ineffective-trial-counsel claims were previously considered, it is unclear if the claims Lambrix proposes to raise in a successive § 2254 petition would, in fact, be "new" claims at all. See 28 U.S.C. § 2254(b)(1) (requiring federal courts to dismiss claims presented in a successive § 2254 application that were "presented in a prior application"). But, even assuming that the claims Lambrix seeks to bring in his successive § 2254 petition are new ineffective-trial-counsel claims, the district court did not err in denying his request for the appointment of counsel for the reasons stated herein.

excused from the application of the procedural default doctrine based on the equitable, nonconstitutional rule announced in Martinez, does not satisfy either of these criteria." Chavez, 742 F.3d at 946.

Thus, even assuming that Martinez somehow applied to Lambrix's case, Lambrix's request for the appointment of counsel to file ineffective-trial-counsel claims would be futile because Martinez did not relieve Lambrix of his burden to meet the statutory requirements for claims in a successive § 2254 petition.[30]

## C.    The Claims Are Time Barred

To the extent that Lambrix seeks to raise new ineffective-trial-counsel claims, Lambrix's proposed claims are time-barred under 28 U.S.C. § 2244(d), and Martinez does not alter the statutory bar against filing untimely § 2554 petitions.

A one-year limitations period applies to Lambrix's proposed claims. See 28 U.S.C. § 2244(d). That limitations period has many alternative triggering events. There are two potentially relevant triggering events applicable to Lambrix's case: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and (2) "the date on which the constitutional right asserted was initially recognized by the Supreme

---

[30]Importantly, the Martinez rule's equitable principle may relieve petitioners of the requirement of the judicially-created procedural default doctrine; however, it has no impact on the congressionally-mandated requirements for filing § 2254 petitions.

32

Court, if the right has been . . . made retroactively applicable to cases on collateral review."  See 28 U.S.C. § 2244(d)(1)(A), (C).

Lambrix has not satisfied the conditions of the "final judgment" triggering event in § 2244(d)(1)(A).  The one-year limitations period applicable to that statutory provision expired many years ago, certainly by the time the district court denied his initial § 2254 petition in 1992.  Thus, any attempt to raise new ineffective-trial-counsel claims 20 years later would be blocked by AEDPA's time bar.  And, Lambrix cannot seek equitable tolling of the limitations period based on Martinez because "we have rejected the notion that anything in Martinez provides a basis for equitably tolling the filing deadline."  Chavez, 742 F.3d at 946–47 ("[B]inding precedent forecloses any argument that Martinez can excuse or equitably toll that limitations period . . . ."); Arthur, 739 F.3d at 630 (concluding that the Martinez decision has no application to the operation or tolling of the § 2244(d) statute of limitations).

The "constitutional right" triggering event in § 2244(d)(1)(C) is also inapplicable to Lambrix's Martinez-based claims because Martinez did not announce a new rule of constitutional law.  See Chavez, 742 F.3d at 946–47 ("Martinez did not announce a new rule of constitutional law."); Arthur, 739 F.3d at 629 ("The Martinez rule is not a constitutional rule but an equitable principle.").

Thus, to the extent that Lambrix seeks to raise <u>new</u> ineffective-trial-counsel claims, there is no scenario under which those claims could be timely filed. Therefore—even assuming (1) <u>Martinez</u> somehow applied to Lambrix's case and (2) his claims were not impermissibly successive—Lambrix's request for the appointment of counsel to file his ineffective-trial-counsel claims would be futile because <u>Martinez</u> did not relieve or alter Lambrix's burden to file his claims within the statutory limitations period.

## D.    <u>Martinez</u> Does Not Create a Freestanding Right to Relief

To the extent that Lambrix seeks counsel to help him investigate and litigate a <u>Martinez</u>-based claim of ineffective assistance of state collateral counsel, Lambrix was not entitled to the appointment of federal counsel because that claim would be futile.  See <u>Chavez</u>, 742 F.3d at 944, 946–47.

<u>Martinez</u> did not, as Lambrix seems to suggest, create a freestanding claim for challenging a conviction or sentence based on the alleged ineffective assistance of state post-conviction counsel.[31]  See <u>Chavez</u>, 742 F.3d at 944.  Longstanding

---

[31]What the <u>Martinez</u> rule did do was provide a narrow, non-constitutional, equitable exception to excuse the procedural default of ineffective-<u>trial</u>-counsel claims when (1) state procedures, as a practical matter, make it "virtually impossible" to actually raise ineffective-trial-counsel claims on direct appeal and (2) the petitioner's state collateral counsel was ineffective by not raising ineffective-trial-counsel claims in the state proceedings.  See <u>Arthur v. Thomas</u>, 739 F.3d 611, 629–31 (11th Cir. 2014); <u>Gore v. Crews</u>, 720 F.3d 811, 816 (11th Cir. 2013) ("By its own emphatic terms, the Supreme Court's decision in <u>Martinez</u> is limited to claims of ineffective

U.S. Supreme Court precedent holds that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the effective assistance of state collateral counsel in post-conviction proceedings.  See id. at 944–45 (citing Coleman, 501 U.S. at 752, 111 S. Ct. at 2566); see also 28 U.S.C. § 2261(e) ("The ineffectiveness or incompetence of counsel during State or Federal postconviction proceedings in a capital case shall not be a ground for relief in a proceeding arising under section 2254.").  Martinez did not alter that precedent—it reiterated it.  See Chavez, 742 F.3d at 944–45 (citing Martinez, 132 S. Ct. at 1320).

Thus, any attempt to investigate and present a claim for relief based on the ineffective assistance of state collateral counsel would be futile because a claim of ineffective assistance of state collateral counsel does not constitute a valid ground for habeas relief.  Chavez, 742 F.3d at 944–45 (citing 28 U.S.C. § 2261(e) and Coleman, 501 U.S. at 752, 111 S. Ct. at 2566).

## E.    Summary

For the many reasons outlined above, appointing counsel to investigate and raise ineffective-trial-counsel claims in a successive § 2254 petition would be futile and would not serve the interests of justice.  See Martel, 132 S. Ct. at 1284, 1289;

---

assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel.").

Chavez, 742 F.3d at 944–96.  Thus, to the extent that Lambrix seeks substitute federal counsel to investigate and litigate, under the Martinez rule, ineffective-trial-counsel claims that would otherwise be procedurally barred, Lambrix is not entitled to such counsel.

And, to the extent that Lambrix seeks the appointment of new counsel under § 3599, his request is futile for many of the reasons discussed above and the district court did not err in denying his request for such counsel.[32]  See Chavez, 742 F.3d at 946–47.

## VI.    CONCLUSION

The Martinez rule did not change the law in any way related to Lambrix's case.  Lambrix's proposed claims are wholly futile for reasons unrelated to the merits of any substantive ineffective-assistance-of-trial-counsel claim.  Therefore, we affirm the denial of Lambrix's request for the appointment of federal counsel to pursue his Martinez-based claims.

For the past thirty years, Lambrix has challenged the judgment of his convictions and two sentences of death entered against him by a Florida court in

---

[32]The parties agree that Lambrix had federally-appointed counsel at least through the resolution of his § 2254 initial review collateral proceedings.  However, the parties dispute whether Lambrix currently has federally-appointed counsel and whether Lambrix's motion is only a motion for substitute counsel under 18 U.S.C. § 3599 or should be construed as a motion for the appointment of counsel under § 3599.

36

1984.  The litigation has gone on for too long.  He has no viable federal remedies left for overturning his convictions or death sentences.

**AFFIRMED.**