[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10981
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00476-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOM KELLY, JR.,
a.k.a. Thomas Kelly, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 21, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tom Kelly Jr., appeals his sentence of 180 months for conspiring to possess with intent to distribute cocaine base and a substance containing cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), 846; and possessing a firearm and ammunition as a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e). Kelly argues that his prior convictions in a Florida court for selling cocaine, Fla. Stat. § 893.13(1), do not qualify as "serious drug offenses." *See* 18 U.S.C. § 924(e). We affirm.

Kelly's challenge to the enhancement of his sentence is foreclosed by *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014). Like Kelly, the defendant in *Smith* argued that his prior convictions for drug offenses did not qualify as predicate offenses because under Section 893.13 of the Florida Statutes did not require proof as an element of the crime that the defendant knew the illegal nature of the controlled substance and because a *mens rea* element had to be implied based on the presumption in favor of mental culpability and the rule of lenity. *Id.* at 1266–67. Those arguments "fail[ed]," we concluded, because "[n]o element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied by [the] definition" of "serious drug offense." *Id.* at 1267. "Serious drug offense" is defined unambiguously as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is

2

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). "Section 893.13(1) of the Florida Statutes is . . . a 'serious drug offense,'" *Smith*, 775 F.3d at 1268, and Kelly's multiple prior convictions under that statute qualify as predicate offenses under the Armed Career Offender Act. *See* 18 U.S.C. § 924(e)(1). Under our longstanding prior panel precedent rule, *Smith* "is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). *Smith* did not address the argument Kelly makes that his prior convictions do not count as serious drug offenses because they do not require proof of remuneration, but "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel," *id.* (quoting *Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006)). The district court correctly sentenced Kelly as an armed career offender.

We **AFFIRM** Kelly's sentence.