[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15530
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22464-CMA,
1:03-cr-20846-CMA-1

BRIAN AHKEEM LIVINGSTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 6, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Brian Livingston appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.

In 2004 Livingston pleaded guilty to two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e); one count of possession of body armor after a prior conviction for a crime of violence, in violation of 18 U.S.C. § 931; and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The district court found that he qualified for a career offender enhancement under § 4B1.2(a)(2) of the United States Sentencing Guidelines, which were mandatory at that time, based on prior Florida convictions for armed carjacking and possession with intent to sell or deliver cannabis.

In 2017 Livingston filed this § 2255 motion, contending that the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), which expressly invalidated as unconstitutionally vague the Armed Career Criminal Act's residual clause, implicitly invalidated the identically worded residual clause in § 4B1.2(a)(2) of the guidelines.  He argued that because Johnson invalidated the guidelines' residual clause, his Florida conviction for armed carjacking no longer qualified as a crime of violence.  He recognized that under Beckles v. United States, 580 U.S. __, 137 S. Ct. 886, 890 (2017), the advisory guidelines are not subject to vagueness challenges.  But he argued that Beckles did

2

not apply because he was sentenced when the guidelines were mandatory.  The district court rejected that argument based on prior panel precedent.  We do too.

In <u>In re Griffin</u>, 823 F.3d 1350, 1354 (11th Cir. 2016), this Court held that "[t]he Guidelines — whether mandatory or advisory — cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge."  We are bound to follow this precedent.  <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.") (quotation marks omitted).[1]

Livingston's argument that <u>Beckles</u> "supersede[s]" <u>In re Griffin</u> fails because, as Livingston concedes, <u>Beckles</u> did not address whether the mandatory guidelines are subject to a vagueness challenge.  <u>See</u> <u>Beckles</u>, 137 S. Ct. at 890; <u>see also</u> <u>id.</u> at 903 n.4 (Sotomayor, J., concurring) (noting that <u>Beckles</u> left "open the question whether defendants sentenced to terms of imprisonment . . . during the

---

[1] Livingston argues that <u>In re Griffin</u> is not binding because it is a published order denying leave to file a second or successive petition under 28 U.S.C. § 2255.  But prior panel precedent forecloses that argument too.  <u>See</u> <u>United States v. St. Hubert</u>, 883 F.3d 1319, 1329 (11th Cir. 2018) ("[L]aw established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions are binding precedent on <u>all</u> subsequent panels of this Court . . . unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting <u>en banc</u>.") (quotation marks omitted); <u>see also</u> <u>In re Lambrix</u>, 776 F.3d 789, 794 (11th Cir. 2015) ("[O]ur prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions.").

period in which the Guidelines <u>did</u> fix the permissible range of sentences . . . may mount vagueness attacks on their sentences") (quotation marks and citation omitted).  And this Court sitting en banc has not undermined, much less overruled, <u>In re Griffin</u>'s holding that the mandatory guidelines are not.  So that decision remains binding.

**AFFIRMED.**