[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15617-P

_____

In re: CARY MICHAEL LAMBRIX,

Petitioner.

_____

Application for Leave to File a Second or
Successive Habeas Corpus Petition 28 U.S.C. Section 2244(b)
by a Prisoner in State Custody

_____

Before:  ED CARNES, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Cary Michael Lambrix has filed, through counsel, an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus.  For the reasons below, we deny Lambrix's application for leave to file a second or successive habeas petition.

## I.  PROCEDURAL HISTORY

In Florida state court in 1984, Lambrix was convicted of two counts of first-degree murder and received two death sentences for his 1983 murders of Clarence Moore and Aleisha Bryant.  Our prior decisions regarding Lambrix describe his criminal conduct and his dozens of state and federal petitions and motions.  See Lambrix v. Sec'y, Florida Dep't of Corr., 756 F.3d 1246, 1256 (11th Cir.) ("Lambrix III"), cert. denied sub nom., Lambrix v. Crews, 135 S. Ct. 64

(2014); Lambrix v. Singletary, 72 F.3d 1500, 1508 (11th Cir. 1996) ("Lambrix I"). For purposes of the instant successive application, we recount some of that history below.

On February 5, 1983, Lambrix brutally killed Moore and Bryant outside of his home by choking and stomping Bryant and hitting Moore over the head with a tire iron. Lambrix III, 756 F.3d at 1250. Lambrix then ate dinner with his girlfriend, Frances Smith; cleaned himself; borrowed a shovel; buried Moore's and Bryant's bodies in shallow graves; and used Moore's car to dispose of the tire iron and his own bloody shirt in a nearby stream. Id.; In re Lambrix, 624 F.3d 1355, 1358-59 (11th Cir. 2010) ("Lambrix II"). Following her arrest on unrelated charges, Smith advised law enforcement authorities about the murders and eventually led them to the buried bodies, the tire iron, and Lambrix's bloody shirt. Lambrix II, 624 F.3d at 1359. Smith was the State's key witness at Lambrix's trial. Id. at 1358. Smith offered the bulk of the damaging evidence against him, and her story was corroborated by the physical evidence. Id. at 1359. Moreover, other witnesses corroborated different parts of Smith's testimony, including neighbor John Chezem's testimony that Lambrix borrowed a shovel. Id. Witnesses Preston Branch and Deborah Hanzel testified that Lambrix told them he killed Moore and Bryant. Id.

Lambrix's first trial ended in a mistrial. Id. At Lambrix's second trial, a jury convicted him of two counts of first-degree murder, and the state trial court imposed two death sentences. Id. Lambrix's convictions and death sentences were affirmed on direct appeal. Lambrix v. State, 494 So. 2d 1143 (Fla. 1986). Lambrix filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, which the state trial court denied. See Lambrix II, 624 F.3d at 1357. In 1988, the Florida Supreme Court, in separate opinions, affirmed the denial of Lambrix's Rule 3.850 motion and denied his state habeas petition. See Lambrix v. State, 534

2

So. 2d 1151 (Fla. 1988) (affirming the denial of Lambrix's Rule 3.850 motion); Lambrix v. Dugger, 529 So. 2d 1110 (Fla. 1988) (denying Lambrix's state habeas petition).

Also in 1988, Lambrix filed a 28-claim § 2254 habeas petition in federal district court. The district court denied Lambrix's § 2254 petition, and this Court affirmed. Lambrix I, 72 F.3d at 1508. The U.S. Supreme Court affirmed our judgment. Lambrix v. Singletary, 520 U.S. 518, 117 S. Ct. 1517 (1997).

Lambrix also has filed multiple successive state motions for postconviction relief, all of which were denied by the state trial court. The Florida Supreme Court affirmed the denial of each of these successive postconviction motions. See, e.g., Lambrix v. State, 139 So. 3d 298 (Fla.), cert. denied, 135 S. Ct. 174 (2014); Lambrix v. State, 124 So. 3d 890 (Fla. 2013); Lambrix v. State, 39 So. 3d 260 (Fla. 2010); Lambrix v. State, 559 So. 2d 1137 (Fla. 1990).

In 2010, Lambrix filed pro se with this Court a 145-page application for leave to file a second or successive § 2254 petition based on 12 claims, including several of the claims raised in the instant successive application. Lambrix II, 624 F.3d at 1361-68. Following a response by the State, we denied Lambrix's successive application, concluding that Lambrix's claims were barred by § 2244(b)(1) because they previously were presented in his initial § 2254 petition in 1988, or failed to assert a constitutional violation, or otherwise failed to meet the prongs of § 2244(b)(2)(B). Id. at 1362-67.[1]

And in 2014, this Court recently affirmed the district court's denial of Lambrix's pro se motion for appointment of counsel to file a successive § 2254 petition based on Martinez v.

---

[1]As in the present successive application, Lambrix's 2010 successive application proceeded only under § 2244(b)(2)(B) and did not seek to raise a claim under § 2244(b)(2)(A). Lambrix II, 624 F.3d at 1358.

Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012).  See Lambrix III, 756 F.3d at 1256-63.  Notably, in that decision, we stated:

> For the past thirty years, Lambrix has challenged the judgment of his convictions and two sentences of death entered against him by a Florida court in 1984.  The litigation has gone on for too long.  He has no viable federal remedies left for overturning his convictions or death sentences.

Id. at 1263.

## II.  THE INSTANT SUCCESSIVE APPLICATION

In the instant successive application, Lambrix indicates that he wishes to raise eight claims in a second or successive § 2254 petition.[2]  Specifically, Lambrix alleges that newly discovered evidence establishes that the State violated his constitutional rights, under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), and Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972), by withholding the following factual predicates or pieces of newly discovered evidence: (1) evidence of an alleged immunity deal that Frances Smith received from the State in return for her cooperation; (2) witness Deborah Hanzel's alleged recantation of her trial testimony; (3) evidence of a sexual relationship between Smith and a State investigator; (4) the tire iron used to kill Moore contained hairs that did not match the victims but were allegedly consistent with Smith's and a fake tire iron was admitted against Lambrix at trial; (5) evidence of bias by the judge who presided over Lambrix's second state trial; (6) evidence that Smith's testimony regarding a pond on the property where the murders occurred was false; and (7) evidence of a "conspiracy and collaboration" between the State and Smith.  Additionally, Lambrix asserts (8) a freestanding claim of actual innocence, citing to the

---

[2]The 100-page brief filed by Lambrix's counsel in place of this Court's form application for successive habeas petitions fails to number or clearly delineate Lambrix's claims. Accordingly, we have derived the claims enunciated in this order from a careful review of Lambrix's submitted 100-page brief and attached exhibits.

4

fundamental-miscarriage-of-justice doctrine enunciated in <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S. Ct. 851 (1995), and <u>House v. Bell</u>, 547 U.S. 518, 126 S. Ct. 2064 (2006).

### III.  28 U.S.C. § 2244(b)

Section 2244(b)(1) of Title 28 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Accordingly, in ruling on an application to file a successive petition, we must make a threshold determination of whether the claim to be presented in the second or successive petition was presented in the first petition.  <u>In re Hill</u>, 715 F.3d 284, 291 (11th Cir. 2013).

Further, even where a claim was not presented in a prior federal petition, the claim must satisfy the requirements of 28 U.S.C. § 2244(b)(2).  Under that provision, we may grant the district court authorization to consider a second or successive habeas petition only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  <u>Id.</u> § 2244(b)(3)(C).

Lambrix does not allege that any of the claims in his current application rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

5

that was previously unavailable." See 28 U.S.C. § 2244(b)(2)(A). Instead, the heart of Lambrix's application is his broad argument that certain newly discovered evidence that he could not have previously discovered through the exercise of due diligence is sufficient to establish by clear and convincing evidence that, but for Brady and Giglio constitutional violations, no reasonable factfinder would have found him guilty of the two first-degree murders. See 28 U.S.C. § 2244(b)(2)(B). We conclude that all of Lambrix's proposed claims in the instant application are precluded by the law-of-the-case doctrine, the prior-panel-precedent rule, or both, or otherwise fail to meet the requirements of § 2244(b). We review these legal principles and then Lambrix's claims.

## IV.  LEGAL PRINCIPLES

Under the law-of-the-case doctrine, "an appellate decision binds all subsequent proceedings in the same case." United States v. Amedeo, 487 F.3d 823, 829 (11th Cir. 2007) (quotation omitted and alteration adopted). Three exceptions apply to the law-of-the-case doctrine: where "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior appellate decision was clearly erroneous and would work manifest injustice." Id. at 830 (quotation omitted and alteration adopted). "We enforce this judge-made doctrine in the interests of efficiency, finality and consistency: '[f]ailure to honor its commands can only result in chaos.'" Lebron v. Sec'y of Fla. Dep't of Children & Families, 772 F.3d 1352, 1360 (11th Cir. 2014) (quoting Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987) (en banc)).

Additionally, under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of

6

abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). We have held that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel." Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1234 (11th Cir. 2006); see also Smith v. GTE Corp., 236 F.3d 1292, 1301-04 (11th Cir. 2001) (categorically rejecting an "overlooked reason" exception to the prior-panel-precedent rule); Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000) (explaining that the prior-panel-precedent rule is dependent upon neither "a subsequent panel's appraisal of the initial decision's correctness" nor "the skill of the attorneys or wisdom of the judges involved with the prior decision—upon what was argued or considered"). In short, we have categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule.

To be clear, our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions. In other words, published three-judge orders issued under § 2244(b) are binding precedent in our circuit. Although an order issued under § 2244(b) "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari," 28 U.S.C. § 2244(b)(3)(E), such orders are not beyond all review, as the statute does not preclude the Court of Appeals from rehearing such a decision sua sponte. Moreover, we repeatedly have treated published decisions involving applications for permission to file a second or successive petition as binding precedent. See, e.g., In re Provenzano, 215 F.3d 1233, 1235 (11th Cir. 2000) ("Under our prior panel precedent rule, we are bound to follow [In re Medina, 109 F.3d 1556 (11th Cir. 1997) (denying an application for permission to file a second or successive petition)]." (citation omitted)). Similarly, the interests that justify the law-of-the-case doctrine—efficiency, finality, and consistency—are still

7

present in the context of repeat successive habeas applications by the same petitioner that raise the same claims.

In short, a prior panel's holding in a published three-judge order issued under § 2244(b) "is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." See Archer, 531 F.3d at 1352 (summarizing prior-panel-precedent rule).

### V.  LAMBRIX'S CLAIMS

Turning to the claims raised by Lambrix in the instant application, all of his claims save one—specifically, Claims 1-5 and 7-8—are essentially identical to those we already considered in Lambrix II, our order denying Lambrix's 2010 successive application.  We determined in our 2010 order that these proposed claims are barred either by § 2244(b)(1) because they were raised in Lambrix's initial § 2254 petition or because they do not meet the statutory requirements of § 2244(b)(2)(B).  Lambrix II, 624 F.3d at 1362-67.  As to Claims 2 and 3—concerning Hanzel's allegedly recanted testimony and the alleged sexual relationship between Smith and the investigator—Lambrix has pointed to no new evidence or change in the law to persuade us that an exception to the law-of-the-case doctrine applies in this instance.  Accordingly, our reconsideration of Claims 2 and 3 in the instant application is precluded by the law-of-the-case-doctrine.[3]

---

[3]We reject Lambrix's argument that we should "give no weight" to our 2010 order and consider his current counseled application as a matter of "first impression."  Moreover, as to Lambrix's argument that we should disregard his prior application merely because it was submitted pro se, it is apparent from the face of our 2010 order that we liberally construed Lambrix's claims, understood those claims, and concluded that those claims did not meet the § 2244(b)(2) criteria.  See Lambrix II, 624 F.3d at 1362-67.  In addition, there is no pro se prior petition exception to the § 2244(b)(2) requirements.

8

As to Claims 1, 4, 5, 7, and 8, Lambrix claims to have newly discovered evidence in support of these claims.  However, as explained below, even if our consideration of these claims were not precluded by Lambrix II under the law of the case because of Lambrix's alleged new evidence, an independently adequate alternative reason for denying the application as to these claims is that they are barred by the prior-panel-precedent rule or the failure to meet the requirements of § 2244(b)(2)(B).

As to Claim 1—concerning Smith's alleged immunity deal—in Lambrix II, we determined that Lambrix raised this claim in his initial § 2254 petition, such that it was barred under § 2244(b)(1).  Lambrix II, 624 F.3d at 1362.  In the instant successive application, Lambrix concedes that he raised this claim in his original § 2254 petition, but he argues that the "claim must be revisited in light of the new evidence" based on "fundamental fairness and to protect manifest injustice."

We must reject Lambrix's argument because we are bound by our prior panel precedent in Hill, where we held that new evidence in support of a prior claim is insufficient to create a new claim and avoid § 2244(b)(1)'s bar on successive petitions.  See In re Hill, 715 F.3d at 292-94.  As we explained in Hill, § 2244(b)(1) provides that "'[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed'" and "provides no exceptions."  Id. at 291 (quoting 28 U.S.C. § 2244(b)(1)).

As to Claims 4, 5, and 7—concerning the tire iron, alleged bias on the part of the state trial judge, and the alleged conspiracy between the State and Smith—when Lambrix raised these claims in his 2010 successive application, we concluded as to each claim that Lambrix failed to meet either prong of § 2244(b)(2)(B).  Lambrix II, 624 F.3d at 1365-67.  Although Lambrix presents various "new" documents in the instant application in support of these claims, none of

9

Lambrix's alleged new evidence changes our conclusion that Claims 4, 5, and 7 do not meet the requirements of § 2244(b)(2)(B).  First, Lambrix has not shown that any of this evidence could not have been discovered previously through the exercise of due diligence.  See 28 U.S.C. § 2244(b)(2)(B)(i).  Specifically, he has failed to explain why his evidence could not have been uncovered through a reasonable investigation prior to the litigation of his initial § 2254 petition or why the means that eventually uncovered his new evidence could not have been employed earlier.  See In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997); In re Magwood, 113 F.3d 1544, 1549-50 (11th Cir. 1997).  Second, even when supported by Lambrix's alleged new evidence, we are unpersuaded that the alleged facts underlying Claims 4, 5, and 7, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying murders.  See 28 U.S.C. § 2244(b)(2)(B)(ii).

As to Claim 8, Lambrix's freestanding actual innocence claim, we concluded in our 2010 order that, even assuming that "a freestanding claim of actual innocence exists apart from any claim of constitutional error at trial and [that] such a claim, even if it is cognizable, is the kind of claim that can be brought in a second or successive petition," Lambrix had not presented evidence sufficient to show his actual innocence.  Lambrix II, 624 F.3d at 1367.  In the present application, Lambrix repeatedly asserts that he is actually innocent and that, upon consideration of all of his claims and purported newly discovered evidence cumulatively, he is entitled to file a successive habeas petition based upon a "fundamental miscarriage of justice" showing under Schlup.  We conclude that, even in light of Lambrix's new arguments and alleged new evidence, his attempt to bring a freestanding actual innocence claim is foreclosed by our prior panel precedent in In re Davis, 565 F.3d 810 (11th Cir. 2009).  Specifically, even if a freestanding

10

actual innocence claim is viable on federal habeas review, we have held that § 2244(b)(2)(B) "undeniably requires a petitioner seeking leave to file a second or successive petition to establish actual innocence by clear and convincing evidence and another constitutional violation." In re Davis, 565 F.3d at 824 (first emphasis added).[4]  Lambrix has established no constitutional violation.

Alternatively, as we concluded in Lambrix II, even if we were to assume that freestanding actual innocence claims are cognizable and that § 2244(b)'s requirements were to have no application to actual innocence claims, for the reasons stated above, Lambrix's purported new facts, considered either individually or cumulatively, are insufficient to make either a prima facie showing that no reasonable factfinder would have found him guilty of first-degree murder, 28 U.S.C. § 2244(b)(2)(B)(ii), (b)(3)(C), or "a truly persuasive demonstration of 'actual innocence.'" Herrera v. Collins, 506 U.S. 390, 417, 113 S. Ct. 853, 869 (1993) (assuming, without deciding, "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of the defendant unconstitutional," but stating that "the threshold showing for such an assumed right would necessarily be extraordinarily high").

Finally, in Claim 6—Lambrix's only claim not raised in some fashion in his 2010 successive application—Lambrix asserts that the State knowingly presented at trial false

---

[4]Lambrix's reliance on Schlup's "fundamental miscarriage of justice" principle—which allows a habeas petitioner to receive consideration of procedurally defaulted claims based on a showing of actual innocence, see Schlup, 513 U.S. at 314-15, 115 S. Ct. at 860-61; Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986)—is misplaced.  There is no "fundamental miscarriage of justice" exception to a state prisoner's obligation to satisfy the statutory criteria in § 2244(b)(2)(B) in order to obtain our leave to file a second or successive § 2254 petition.  See 28 U.S.C. § 2244(b)(2)(B).  Indeed, the language of § 2244(b)(2)(B) itself already contemplates the possibility of claims of actual innocence based on newly discovered evidence and sets forth the relevant preconditions to filing a second or successive § 2254 petition on that basis.  See 28 U.S.C. § 2244(b)(2)(B)(ii).

testimony by Smith that Lambrix left Bryant's body in a pond "so if she wasn't dead, she would drown." In support of Claim 6, Lambrix presents alleged new evidence to show that the property where the murders occurred did not contain a pond. We conclude that Lambrix's sixth proposed claim does not meet the § 2244(b)(2)(B) criteria. First, Lambrix has not explained why the evidence underlying this claim could not have been discovered prior to his first § 2254 petition through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2)(B)(i); Boshears, 110 F.3d at 1540. Second, Lambrix has failed to demonstrate that the facts underlying his claim would establish by clear and convincing evidence that, but for a constitutional violation, no reasonable fact finder would have found Lambrix guilty of first-degree murder. See 28 U.S.C. § 2244(b)(2)(B)(ii). Even if Lambrix had been able to challenge or impeach Smith's testimony at trial regarding the fact that he left Bryant's body in a pond, this would not have materially changed her other testimony regarding the murders, nor would it have impacted the other testimony and physical evidence against him, such as two witness's testimony regarding Lambrix's admission about the murders or Chezem's testimony that Lambrix borrowed a shovel from him. Thus, the presence or absence of a pond on the property is not a fact that would show that no reasonable factfinder could have found him guilty. Accordingly, this claim does not meet the requirements of § 2244(b)(2)(B).

## VI.  CONCLUSION

For all of these reasons, Lambrix's motion for leave to file a second or successive petition for writ of habeas corpus is DENIED.

12