[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12531
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-14258-DMM; 2:01-cr-14001-DMM-1

CARLOS WILSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 2, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Carlos Wilson appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.

Wilson pleaded guilty in 2001 to one count of possession with intent to distribute more than five grams of crack cocaine in violation of 18 U.S.C. § 841(a)(1). He received a career offender enhancement under § 4B1.2(a) of the United States Sentencing Guidelines, which were mandatory at that time, based on prior Florida convictions for burglary and second degree murder. He was sentenced to 235 months. In 2016 he filed this § 2255 motion, his first, on the ground that the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also invalidated the identically-worded residual clause in § 4B1.2(a) of the guidelines. He acknowledged the Supreme Court's holding in Beckles v. United States, 580 U.S. __, 137 S. Ct. 886, 890 (2017), that the advisory guidelines are not subject to vagueness challenges, but argued that Beckles does not apply here because he was sentenced when the guidelines were mandatory. The district court rejected that argument based on prior panel precedent and denied his motion. This is Wilson's appeal.

We have held that "[t]he Guidelines — whether mandatory or advisory — cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing

2

judge." In re Griffin, 823 F.3d 1350, 1354 (11th Cir. 2016). That decision forecloses Wilson's argument that § 4B1.2(a) is unconstitutionally vague in light of Johnson. See Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("[Under the] prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."). His argument that In re Griffin is not binding because it involved an application to file a second or successive petition under 28 U.S.C. § 2255 fails because "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions." In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015).[1] And his argument that Beckles undermines In re Griffin to the point of abrogation also fails because, as he admits, Beckles did not address whether the mandatory guidelines are subject to a vagueness challenge. See Beckles, 137 S. Ct. at 890. Because Beckles is not directly on point, In re Griffin remains binding. See United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) ("In addition to

---

[1] He argues that In re Lambrix is off point because it involved a second or successive application and as a result could not address whether published second or successive decisions are binding outside of that context. But we "could" and did address that issue. We held that published second or successive decisions are to be treated as normal prior panel precedents without exception. See In re Lambrix, 776 F.3d at 794 ("[A] prior panel's holding in a published three-judge order issued under § 2244(b) is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.") (emphasis added) (quotation marks omitted).

being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.").

**AFFIRMED.**