[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11199
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-02242-GAP-GJK

TRICON DEVELOPMENT OF BREVARD, INC.,

Plaintiff-Appellant,

versus

NAUTILUS INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 10, 2021)

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Tricon Development of Brevard, Inc., appeals a summary judgment in favor

of Nautilus Insurance Company on Tricon's claim for breach of contract. Tricon

argues that Nautilus breached its insurance policies by failing to reimburse Tricon for additional costs caused by a subcontractor's deficient work. Upon consideration, we conclude that Tricon's arguments lack merit and affirm the district court's grant of summary judgment.

**I.**

Tricon is a general contractor that constructs condominium units. A few years ago, Tricon was hired to serve as the general contractor for a condominium project in Florida. Tricon then hired a subcontractor to fabricate and install metal railings for the project. The subcontractor was insured by Nautilus through two commercial general liability insurance policies. The policies covered "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The policies then defined "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured."

The subcontractor obtained an endorsement to each of its policies that added Tricon as an additional insured. The endorsements amended the "Who Is An Insured" sections of the policies "to include as an additional insured any person or organization for whom you are performing operations" but "only with respect to liability for 'bodily injury,' 'property damage' or 'personal or advertising injury'

2

caused, in whole or in part by" the subcontractor's direct or vicarious acts or omissions.

Although the subcontractor fabricated some of the railings, they had defects and damage, were not installed properly, and did not meet the project's specifications. Tricon found another manufacturer to fabricate new railings to satisfy the project's requirements, and Tricon's client also paid that manufacturer to remove the subcontractor's railings and install new ones. Tricon agreed to pay the cost of removing the subcontractor's railings and fabricating and installing the new ones, and it filed an insurance claim to Nautilus to cover those costs. Nautilus denied the claim, and Tricon filed a complaint alleging breach of contract under its two policies in Florida state court. Nautilus removed the case to the United States District Court for the Middle District of Florida and eventually moved for summary judgment on Tricon's claim. The district court granted Nautilus's motion, and Tricon timely appealed.

## II.

We review a district court's grant of summary judgment *de novo*, viewing all the evidence—and drawing all reasonable factual inferences—in favor of the nonmoving party. *See Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020). "A grant of summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

3

law." *Id.* (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). "But it is improper if a reasonable jury could find for the non-moving party." *Id.* However, "[w]e can affirm for any reason supported by the record, even if the district court did not rely on that reason." *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1294 (11th Cir. 2016) (internal quotation marks omitted).

### III.

On appeal, Tricon argues that (1) the subcontractor's deficient fabrication and installation of the railings constituted "property damage" covered by Nautilus's insurance policies; (2) the endorsements added to the policies made Tricon an insured; and (3) no exclusions applied to Nautilus's coverage of Tricon for the deficient fabrication and installation of the railings.

The policies at issue in this appeal are post-1986 standard form commercial general liability policies with products-completed operations hazard coverage, which are governed by Florida law. We have held that such policies do not cover the costs of replacing defective products. In *Amerisure Mutual Insurance Company v. Auchter Company*, we examined a post-1986 standard form commercial general liability policy with products-completed operations hazard coverage. That policy "define[d] 'property damage' as 'physical injury to tangible property, including all resulting loss of use of that property . . . or . . . loss of use of tangible property that is not physically injured.'" 673 F.3d 1294, 1298 (11th Cir. 2012) (cleaned up).

4

Applying Florida law, we held that "there is no coverage if there is no damage beyond the faulty workmanship, i.e., unless the faulty workmanship has damaged some otherwise nondefective component of the project." *Id.* at 1306 (citing *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So.2d 871, 889 (Fla. 2007)). We also held that "if a subcontractor is hired to install a project component and, by virtue of his faulty workmanship, installs a defective component, then the cost to repair and replace the defective component is not 'property damage.'" *Id.* (citing *Auto-Owners Ins. Co. v. Pozzi Window Co.*, 984 So.2d 1241, 1248 (Fla. 2008)). We further held that "nondefective and properly installed raw materials can constitute a defective project component when the contract specifications call for the use of different materials, yet the cost to reinstall the correct materials is not 'property damage'—even though the remedy for such a nonconformity is to remove and replace that component of the project." *Id.* (citing *Pozzi*, 984 So.2d at 1248).

Here, Tricon alleges that the subcontractor's railings were deficient due to having defects and damage, not being installed properly, and not satisfying the project's specifications; it does not allege that the subcontractor's faulty workmanship damaged otherwise non-defective components of the project. The Nautilus policies here define "property damage" in the same way that the policy in *Auchter* did. Thus, the costs that Tricon incurred in removing the subcontractor's

5

railings and the fabrication and installation of new railings do not constitute "property damage" under the policies—just as they did not in *Auchter*.

Tricon responds to *Auchter* by arguing that the costs that it incurred were due to the "loss of use of tangible property that is not physically injured" because the railings and condominiums in which they were installed "experienced no physical damage." It then remarks that although *Auchter* "noted that [this part of the 'property damage' definition] was present in the policy," it "never said another word about it." Tricon then states that we "decided the case by only applying" the first part of the definition, namely physical injury to tangible property.

But that argument misunderstands our decision in *Auchter*. There, we held—after "interpret[ing] the policy as a whole [and] 'endeavoring to give every provision its full meaning and operative effect'"—that there was no coverage for the defective installation at issue. Under this Circuit's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015). We therefore must treat our holding in *Auchter* as correct. And for it to be correct, the *entire* definition of "property damage" in the post-1986 standard form commercial general liability policy must fail to cover the kinds of costs that Tricon incurred from its

6

subcontractor's deficient work. We therefore conclude that the costs incurred by Tricon are not covered by Nautilus's policies.

## IV.

For the reasons stated above, we **AFFIRM** the district court's grant of summary judgment in favor of Nautilus.