[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10992

_____

TOWN KITCHEN LLC,
individually and on behalf of those similarly situated,

Plaintiff-Appellant,

*versus*

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
Known As Syndicate ENH 5151, NEO 2468 XLC 2003, TAL
1183, TRV 5000, AGR 3268, ACS 1856, NVA 2007, HDU
382, PPP 1980, AMA 1200, ASC 1414 and VSM 5678,
INDIAN HARBOR INSURANCE COMPANY,
HDI GLOBAL SPECIALTY SE,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22832-FAM

———————————

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and BRASHER,
Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Town Kitchen LLC appeals the district court's dismissal of its amended complaint for failure to state a plausible claim for insurance coverage. After careful review, we affirm.

## I.

Town Kitchen LLC owns and operates Town, a popular restaurant in Miami. Like many other businesses, Town Kitchen purchased an all-risk commercial property insurance policy from Defendant-Appellee Certain Underwriters at Lloyd's, London.[1]

Following the suspension of business operations because of the COVID-19 pandemic and government closure orders, Town Kitchen sought coverage for losses and expenses under the

---

[1] The other two Defendants-Appellees, Indian Harbor Insurance Company and HDI Global Specialty SE, are insurance companies that share some liability with Lloyd's under Town Kitchen's policy.

Business Income, Extra Expense, and Civil Authority provisions of its policy. As relevant here, those provisions require direct physical loss of or damage to the property. Specifically, the Business Income coverage section states, "We will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The 'suspension' *must be caused by direct physical loss of or damage to property at premises* . . . ."; Extra Expense is defined as "necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no *direct physical loss or damage to property*"; and the Civil Authority coverage applies only when a Covered Cause of Loss (defined as "*direct physical loss* unless the loss is excluded or limited in this policy") causes "damage to property other than property at the described premises." (emphases added).

After Defendants denied coverage, Town Kitchen filed a putative class action in Florida state court "on behalf of all entities that do business in Florida: (1) having commercial property insurance policies issued by Defendants including business interruption and extra expense coverage that does not exclude coverage for pandemics; and (2) which have suffered losses due to measures put in place by civil authorities to stop the spread of COVID-19." Defendants removed the action to federal court under the Class Action Fairness Act and moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss Town Kitchen's amended complaint for failure to state a claim. The district court granted the motion.

Town Kitchen appeals.

## II.

We review de novo the district court's order granting a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

And because this is a diversity action, we apply the substantive law of Florida, the forum state, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). That means we must follow Florida law as the Florida Supreme Court has construed it. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014). And where the Supreme Court has not yet opined on the issue we consider, we must "adhere to decisions of the state's intermediate appellate court absent some persuasive indication that [the Florida Supreme Court] would decide the issue otherwise." *Id.* (citation and quotation marks omitted).

Here, when the district court decided this case, neither the Florida Supreme Court nor any intermediate appellate court had yet construed "an all-risk commercial insurance policy providing coverage for 'direct physical loss of or damage to' property . . . in the context of the COVID-19 pandemic." *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 20-14812, -- F.4th --, 2022 WL 1421414, at *7 (11th Cir. May 5, 2022). But while Town Kitchen's appeal was pending, we decided *SA Palm Beach*. We

held in that case that, under Florida law, physical loss or damage requires "some tangible alteration of the property," so "[t]here is . . . no coverage for loss of use based on intangible and incorporeal harm to the property due to COVID-19 and the closure orders that were issued by state and local authorities even though the property was rendered temporarily unsuitable for its intended use." *Id.* at \*8

Since then, Florida's Third District Court of Appeal confirmed that we correctly predicted how Florida courts would construe the physical-damage provisions of these types of policies. It also went further. In *Commodore, Inc. v. Certain Underwriters at Lloyd's London*, Florida's Third District concluded that "'direct physical loss of or damage to property' requires actual, tangible alteration to the insured property for coverage to be triggered under the Policy." 3D21-0671, -- So.3d --, 2022 WL 1481776, at \*6 (Fla. 3d DCA May 11, 2022). Economic losses do not satisfy that requirement. *Id.* Plus, the court favorably cited the district-court opinion in this very case in holding that COVID-19 does not cause physical damage to property: "And '[t]o the extent [COVID-19] is a physical harm, such as COVID-19 particles present on surfaces in the restaurant, those can be easily cleaned.'" *Id.* (quoting *Town Kitchen LLC v. Certain Underwriters at Lloyd's, London*, 522 F. Supp. 3d 1216, 1225 (S.D. Fla. 2021)).

Not only are we bound by our prior-panel-precedent rule to follow *SA Palm* here, *see In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015), but also, as we have noted, *Erie* requires us to follow *Commodore*. Under both *SA Palm* and *Commodore*, coverage under

Town Kitchen's policy requires direct physical loss or damage to the covered property, and the losses here resulted from intangible harm caused by COVID-19. So Town Kitchen failed to plead that its losses and expenses are covered under the policy. Nor could it correct that deficiency upon repleading, given the holdings in *SE Palm* and *Commodore*. So we affirm the dismissal of Town Kitchen's amended complaint.

**AFFIRMED.**