[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14077

Non-Argument Calendar

_____

JOHANN BRITO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cr-00060-ODE-RGV-5

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Johann Brito, a counseled federal prisoner, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate. The government, in turn, has moved for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until this Court rules on the motion. *See* 11th Cir. R. 31-1(c).

Federal prisoners may obtain post conviction relief and set aside prior convictions when a sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

20-14077                Opinion of the Court                3

Federal law provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1). For the purposes of § 924(c), a "crime of violence" means an offense that is a felony and

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A), (B).    The Supreme Court has referred to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause." *United States v. Davis*, 139 S. Ct. 2319, 2323, 2336 (2019). The Supreme Court held in *Davis* that § 924(c)(3)(B)'s residual clause was unconstitutionally vague. *See Id.*

The Supreme Court recently resolved a circuit split and held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under § 924(c)(3)(A)'s "elements clause," which "covers offenses that have as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Taylor v. United States*, 142 S. Ct. 2015, 2019-21 (2022), *overruling in part United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018).

On collateral review, relief is only proper where there is "grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir. 2021) (quotation marks omitted) (addressing errors in both the indictment and jury instructions). This calls for "more than a reasonable possibility that the error was harmful" and requires "actual prejudice" before a court may order relief. *Id.* (quotation marks omitted). In determining whether the error resulted in actual prejudice, we ask "whether the error substantially influenced the jury's decision." *Id.*

For example, in *Granda v. United States,* 990 F.3d 1272, 1285 (11th Cir. 2021), the defendant's § 924(c) conviction was premised on conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, drug trafficking offenses, and attempted carjacking. We concluded that, although conspiracy to commit Hobbs Act robbery was no longer a valid predicate offense in light of *Davis*, the remaining predicate convictions remained valid predicates. *See id.* at 1285. Because the offenses were inextricably intertwined and the record—including the indictment and general verdict form—did not clarify which conviction the jury relied on, we concluded that the defendant could not make the requisite showing. There was "little doubt that if the jury found that Granda conspired to possess a firearm in furtherance of his conspiracy to commit Hobbs Act robbery, it also found that he conspired to possess a firearm in furtherance of the other crime-of-violence and drug-trafficking predicates of which the jury convicted him." *Id.* at 1285, 1289, 1293. We also

20-14077                Opinion of the Court                    5

rejected the argument that it is improper to rely on an alternative valid predicate based on *Stromberg v. People of State of Cal.*, 283 U.S. 359 (1931), when conducting a harmless error analysis. *See Granda*, 990 F.3d at 1293 94. And we rejected the contention that we must apply the categorical approach to a § 924(c) conviction to presume that that conviction rested on an invalid predicate. *See id.* at 1295 96. Ultimately, we concluded that a defendant cannot succeed on the merits of his challenge if there were other valid predicates that the jury could have relied on to support his conviction. *See id.* at 1296.

Under our prior panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by this Court sitting *en banc*. *See In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015). Based on *Granda*, we grant summary affirmance as to the district court's denial of Mr. Brito's § 2255 motion. Mr. Brito's drug-related convictions (Counts 10 and 11) remain valid predicates for his § 924(c) offense. Moreover, his valid and invalid predicates are inextricably linked such that he cannot show a substantial likelihood that the jury actually relied on the invalid predicate.

Accordingly, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**