[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

———————————————

No. 23-11333

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NIKO WIMBLEY,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00218-VMC-AEP-1

———————————————

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Niko Wimbley appeals his sentence of 60 months' imprisonment for possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Wimbley argues that his sentence was procedurally unreasonable because the district court erroneously found that his 2016 Florida marijuana conviction was a "controlled substance offense" under U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b), and thus erred in calculating Wimbley's base offense level. After thorough review, we affirm.

We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Dubois*, 94 F.4th 1284, 1291 (11th Cir. 2024). This includes a district court's interpretation of the term "controlled substance offense" under the Sentencing Guidelines. *United States v. Bishop*, 940 F.3d 1242, 1253 (11th Cir. 2019). Under the prior precedent rule, we are bound to adhere to a prior panel's holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quotations omitted).

Under U.S.S.G. § 2K2.1(a)(4)(A), a defendant convicted of unlawful possession of firearms or ammunition receives a base offense level of 20 if he or she "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense." The commentary to U.S.S.G. § 2K2.1

23-11333              Opinion of the Court                    3

states that "controlled substance offense" has the meaning set forth in U.S.S.G. § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2. U.S.S.G. § 2K2.1, comment. (n.1). Section 4B1.2(b), in turn, defines "controlled substance offense" as follows:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (2021).

In determining whether a state conviction counts as a "controlled substance offense" under U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b), we apply the categorical approach. *Dubois*, 94 F.4th at 1295. Under the categorical approach, we compare the definition of "controlled substance offense" under the Sentencing Guidelines with the state statute of conviction. *Id.* "Unless the least culpable conduct prohibited under the state law qualifies as a predicate controlled substance offense, the defendant's state conviction cannot be the basis of an enhancement under the guidelines, regardless of the actual conduct underlying the conviction." *Id.* (cleaned up).

In *Dubois*, we held that a "'controlled substance'" under the Guidelines' definition of "controlled substance offense" "is, for prior state offenses, a drug regulated by state law at the time of the conviction, even if it is not federally regulated, and even if it is no

longer regulated by the state at the time of federal sentencing." *Id.* at 1300.  In September 2016, Florida law listed "cannabis" as a controlled substance.  Fla. Stat. § 893.03(1)(c)(7) (2016).  Florida law defined "cannabis" as "all parts of any plant of the genus *Cannabis*, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin." *Id.* § 893.02(3) (2016).  Florida law did not contain any exemptions for non-medical uses of hemp.  *See id.*; *id.* § 381.986 (2016).

Here, Wimbley's challenges to the calculation of his sentence are foreclosed by our prior precedent.  Under *Dubois*, Florida law at the time of Wimbley's 2016 Florida conviction governs whether the conviction was a "controlled substance offense" within the meaning of U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b). As Wimbley concedes, at the time of his September 2016 Florida conviction, Florida law regulated all parts of the cannabis plant, including hemp, mature stalks, and sterilized seeds.  Fla. Stat. § 893.02(3) (2016). Thus, Wimbley's 2016 conviction was a "controlled substance offense," and the district court did not err in calculating his base offense level.

Wimbley argues that we should disregard Florida's definition of "cannabis" because it was overly broad, and that we should apply the rule of lenity to the term "controlled substance offense" because it is ambiguous.  *See Said v. U.S. Attorney General*, 28 F.4th 1328, 1333 (11th Cir. 2022) (holding that the Board of Immigration Appeals erred in finding that a noncitizen had violated a state law

"relating to a controlled substance" under the Immigration and Nationality Act because the Florida statute of conviction criminalized all parts of the marijuana plant, whereas federal law did not). However, in *Dubois*, we defined the term "controlled substance" under the Guidelines at issue here -- U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b) -- squarely holding that it "is, for prior state offenses, a drug regulated by state law at the time of the conviction, even if it is not federally regulated, and even if it is no longer regulated by the state at the time of federal sentencing." 94 F.4th at 1300. Thus, these arguments are similarly foreclosed by *Dubois*.

Accordingly, the district court did not procedurally err in determining that Wimbley's 2016 Florida conviction was a "controlled substance offense" within the meaning of U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b), and thus did not err in calculating Wimbley's base offense level. We affirm his 60-month sentence of imprisonment.

**AFFIRMED.**