[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10471

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE MANUEL SALDANA,
a.k.a. Popeye,
a.k.a. John Gotti,
a.k.a. Jose Soto,
a.k.a. Pye,
a.k.a. Emanuel Santa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:95-cr-00605-PAS-2

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Saldana appeals the district court's denial of his motion for compassionate release, in which the court ruled that it could not grant Saldana relief because our ruling in *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), precluded it from considering changes in law as an "extraordinary and compelling" reason for compassionate release under U.S.S.G. § 1B1.13, comment. (n.1(D)) ("Application Note 1D"). On appeal, Saldana argues that the district court erred in denying his motion for compassionate release because (1) 28 U.S.C. § 994(t), as interpreted by *Bryant*, unconstitutionally delegated power to the Sentencing Commission ("Commission") by granting the Commission exclusive authority to define the "extraordinary and compelling" reasons for compassionate release; (2) U.S.S.G. § 1B1.13, as interpreted by *Bryant*, is an unconstitutional sub-delegation of authority from the Commission to the Director of the Bureau of Prisons ("BOP") to determine other "extraordinary and compelling" reasons for compassionate release; and (3) *Bryant* was wrongly

decided based on the reasoning in the dissenting opinion in *Bryant* and by other circuits that have reached a contrary conclusion.

We review a district court's grant or denial of compassionate release for an abuse of discretion. *Bryant*, 996 F.3d at 1251. We review issues of constitutional law *de novo*. *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009).

In 2018, Congress enacted the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), which amended 18 U.S.C. § 3582 to increase the use and transparency of compassionate release of federal prisoners. First Step Act, § 603(b). Prior to passage of the First Step Act, only the BOP Director had the authority to file a motion seeking reduction of a prisoner's sentence. *Bryant*, 996 F.3d at 1250. With the passage of the First Step Act, district courts could consider motions filed directly by defendants. *Id.*

Section 3582(c)(1)(A) now provides that a court may modify a term of imprisonment after it has been imposed, upon motion by a defendant, if "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that (i) "extraordinary and compelling reasons warrant such a reduction" *or* the defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

Section 994(t) authorized the Commission to promulgate policy statements regarding compassionate release as follows:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1). U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1262. Similar to § 3582(c)(1)(A), § 1B1.13 states that a district court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines that (1) extraordinary and compelling reasons warrant the reduction or the defendant is at least 70 years old and has served at least 30 years in prison, (2) the defendant is not a danger to the safety of other persons or to the community, and (3) the reduction is consistent with this policy statement. U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four categories of "extraordinary and compelling" reasons: (A) the defendant is suffering from a terminal illness or other medical condition that substantially diminishes his ability to provide self-care while in a correctional facility, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.* § 1B1.13, comment.

(n.1(A)-(D)).  Application Note 1(D), titled "Other Reasons," applies when, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  *Id.* § 1B1.13, comment. (n.1(D)).

In *Bryant*, we first concluded that the policy statement in § 1B1.13 applies to all compassionate release motions, including those filed by prisoners, and that district courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13.  *Bryant*, 996 F.3d at 1252-62.  We further concluded that district courts do not have discretion under Application Note 1(D) to develop other reasons beyond those listed in Application Notes 1(A)-(C) that might justify compassionate release.  *Id.* at 1263-65.  We reasoned that Application Note 1(D) was not at odds with the amended § 3582(c)(1)(A) and thus that we could not replace Application Note 1(D)'s unamended phrase "'[a]s determined by the Director of the [BOP]'" with "'as determined by a district court.'"  *See id.*  Throughout our decision, we described § 994(t) as commanding the Commission to publish a policy statement that "defines" the extraordinary and compelling reasons warranting a reduction.  *See id.* at 1247, 1249, 1251, 1254-55, 1257, 1259-60, 1263.

Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  We have explained

that "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel." *Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006). Specifically, we have categorically rejected an overlooked reason or argument exception to the prior panel precedent rule. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015); *Smith v. GTE Corp.*, 236 F.3d 1292, 1301–04 (11th Cir. 2001). The prior panel precedent rule is dependent upon neither "a subsequent panel's appraisal of the initial decision's correctness" nor "the skill of the attorneys or wisdom of the judges involved with the prior decision—upon what was argued or considered." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000).

Here, Saldana's arguments are foreclosed by *Bryant* under the prior panel precedent rule. Saldana's arguments are effectively arguing that *Bryant*'s determination that district courts could not find other extraordinary and compelling reasons beyond those in U.S.S.G. § 1B1.13, comment. (n.1(A)-(C)), was wrong. This Court has rejected any exception to the prior panel precedent rule for reasons that were not raised with a prior panel. *Tippitt*, 457 F.3d at 1234; *In re Lambrix*, 776 F.3d at 794.

Accordingly, we affirm the denial of his motion for compassionate release.

**AFFIRMED.**